## CHARTER OAK BANK vs. DANIEL O. REED.

By the charter of the city of New Haven the jurisdiction of the City Court is made to depend upon the fact that one of the parties "resides" in the city. Held that by the term "resides" is meant that continuous and voluntary abiding which constitutes lawful residence, as distinguished from that which is temporary.

Held therefore that, where a person boarded in the city during the winter months, but lived in another town during the summer, being an inhabitant and voter in the latter place, and intending to remain only temporarily in the city, he did not reside in the city within the meaning of the charter.

A suit was brought to the City Court against R, the writ describing him as residing in the city, and was continued for four terms, when it was assigned for trial on the general issue. Before the trial, however, R's counsel, having then for the first time ascertained the fact that he did not reside in the city, with the leave of the court filed a plea to the jurisdiction on that ground, which plea the court sustained, and dismissed the case for want of jurisdiction. Held to be no error. (Two judges dissenting.)

ASSUMPSIT, brought to the City Court of the city of New Haven.

The case was brought to the June term of the court in 1877, and entered upon the docket; the defendant appeared by his attorney and the case came by legal continuances from the June term, through the July, August, September and October terms, to the November term of the court, and at all of these terms the plaintiff and defendant both appeared by their respective attorneys.

On the 19th day of November the defendant's attorney handed to the plaintiff's attorney his plea, which was the general issue, with several notices under the statute, and the cause was assigned for trial on that plea, and the parties were present with counsel and witnesses ready for trial at the time assigned for trial. On that day the defendant's attorney, for the first time learned the facts relative to the defendant's residence, and asked leave to file a plea in abatement, to the jurisdiction of the court; the plaintiff objected, but the court overruled the objection, and allowed the defendant to file the plea. A hearing was had on the plea, and the court found the following facts:

The parents of the defendant reside in the town of Sims-
bury, in this state. About seven years ago he came from
that town to New Haven, and was employed by his brother,
then and ever since a merchant in New Haven, as clerk and
traveling salesman. A part of the time while so engaged,
the defendant, when in New Haven, made his home at his
brother's house, but was away from the city most of the time.

About four years ago the defendant was married to a woman
whose home was in Danbury, in this state, and with his wife
came to New Haven, and has boarded in the city during the
winter season of every year since, being at the house of his
brother for several winter months in each year previous to the
last year. In November, 1876, he came to New Haven with
his wife, and took board with his brother, and remained at his
house till about six weeks before the commencement of the
present suit, when, with his wife, he went to the house of John
W. Lake in New Haven to board, and boarded there up to
the time the suit was brought, on the 25th day of May, 1877.
During all said time the defendant was pursuing his business
as traveling salesman. He became a partner in the business
with his brother about two years before the suit was com-
menced, and continued in the partnership up to the time the
suit was brought. During the last four years the defendant
and his wife had lived in the summer at the house of his
father in Simsbury, except when the wife has visited her
father in the town of Danbury.

Upon attaining his majority the defendant was made an
elector of this state in the town of Simsbury, and voted there
at the last state election, and has always had and intended to
keep his legal residence in that town, for the purpose of exer-
cising the privileges of an elector there.

Upon these facts the court (*Peck, J.,*) sustained the plea
to the jurisdiction and rendered judgment for the defendant.

The plaintiffs filed a motion in error and brought the
record before this court.

*C. H. Fowler*, for the plaintiffs.

1. The plea in abatement comes too late, the cause having

been continued several terms. The defendant appearing at each term has waived his right to file a plea in abatement. New Haven City Charter, sec. 61; *Post* v. *Williams*, 33 Conn., 154; *State* v. *Tuller*, 34 id., 281; *Carpentier* v. *Minturn*, 65 Barb., 293.

2. The defendant resided in New Haven, within the meaning of the charter. Charter, secs. 1, 55; Webster's Dict. *Reside;* Bouvier Law Dict. *Residence; Lewis* v. *Hull*, 39 Conn., 118. Residence means "one's home at the time." *Easterly* v. *Goodwin*, 35 Conn., 285; *Waterbury* v. *Bethany*, 18 id., 430.

3. One's domicile and voting residence may be in one place, and his actual residence in another. *Easterly* v. *Goodwin*, 35 Conn., 285; *Colchester* v. *East Lyme*, 18 id., 481; *Reading* v. *Westport*, 19 id., 565; *Salem* v. *Lyme*, 29 id., 80; *Mandeville* v. *Huston*, 15 Louis. Ann., 281.

4. Actual residence within the jurisdiction of the court is sufficient though the domicile be in another jurisdiction. *Sears* v. *Terry*, 26 Conn., 273; *Mayor &c. of N. York* v. *Genet*, 4 Hun, 487; *Chariton County* v. *Moberly*, 59 Misso., 238; *Darst* v. *Bates*, 51 Ill., 439; *Way* v. *Way*, 64 id., 406; *Board of Supervisors* v. *Davenport*, 40 id., 197; *Pooler* v. *Maples*, 1 Wend., 65; *Bartlett* v. *Mayor &c. of N. York*, 5 Sandf., 44; *Frost* v. *Brisbin*, 19 Wend., 11; *Commonwealth* v. *Kelleher*, 115 Mass., 103; *Alston* v. *Newcomer*, 42 Miss., 186; *Davison* v. *Marchioness of Hastings*, 2 Keen, 509; *Thomas* v. *Earl of Jersey*, 2 Mylne & Keen, 398; *Summerville* v. *Summerville*, 5 Ves., 786.

*L. N. Blydenburgh*, for the defendant.

1. The filing of the plea to the jurisdiction was a matter entirely within the discretion of the court. *Olmstead's Appeal from Probate*, 43 Conn., 114; *Wildman* v. *Rider*, 23 id., 176; *Hotchkiss* v. *Hoy*, 41 id., 568. The City Court has a limited jurisdiction; no waiver of the parties could confer jurisdiction. And it was bound to dismiss the cause as soon as the want of jurisdiction was brought to its knowledge. New Haven City Charter, secs. 54, 55; *Olmstead's Appeal*

*from Probate*, 43 Conn., 111; *First Nat. Bank* v. *Balcom*, 35 id., 351; *Wildman* v. *Rider*, 23 id., 176; *Sears* v. *Terry*, 26 id., 273; *Huntington* v. *Birch*, 12 id., 151; Gould's Pl., 218.

2. This court can not review the finding of the City Court as to the residence of the defendant. But if it can, the conclusion of the court below is correct. The City Court is a local court of limited jurisdiction. Revision of 1866, p. 245; New Haven City Charter, secs. 54, 55. The word *resides* means lawful residence, and not temporary; otherwise the word is useless in the charter, as there would then be no distinction between the jurisdiction of the City Court and courts of general jurisdiction. If the residence is temporary, the time it continues is not important, whether a day or month. *Waterbury* v. *Bethany*, 18 Conn., 424; *Colchester* v. *East Lyme*, id., 483; *Grant* v. *Dalliber*, 11 id., 238; *U. States* v. *Noyes*, 4 id., 343; *Easterly* v. *Goodwin*, 35 id., 286; *Sears* v. *Terry*, 26 id., 280; *Salem* v. *Lyme*, 29 id., 80; *First Nat. Bank* v. *Balcom*, 35 id., 351.

LOOMIS, J. This cause was brought to the City Court of the city of New Haven, and after being continued for four successive terms came to the November term, 1877, where it was assigned for trial on the plea of the general issue; but before trial the defendant's counsel, having then for the first time ascertained the facts relative to his client's residence, asked leave of the court to file a plea in abatement for want of jurisdiction of the cause. The court, against the objection of the plaintiff, allowed the plea to be filed, and a trial was had thereon, which resulted in the sustaining of the plea and the dismissal of the cause for want of jurisdiction. The question is, whether this decision of the court was erroneous?

There is no doubt that the City Court is a local court of limited jurisdiction. By the fifty-fifth section of the charter of the city of New Haven the jurisdiction of this court over all civil causes at law and in equity is expressly made to depend on the fact that one of the parties resides in the city.

The court made a special finding of the facts, and one of the questions raised by the plaintiff's motion is, that the facts

thus found and made a part of the record constituted the defendant in law a resident of New Haven, within the meaning of the charter.

By the finding it appears that the defendant was a partner in business with his brother in New Haven, but most of the time was away from the city, acting as traveling salesman for the firm. For the past four years, during the winter months of each year, he with his wife had boarded in the city, and was so boarding at the commencement of this suit; but during the summer months of each of these years they had lived in the house of his father in Simsbury, in Hartford County; and the finding concludes as follows:—"Upon attaining his majority the defendant was made an elector of this state, in the town of Simsbury, where his parents reside, and voted there at the last state election, and has always had and intended to keep his legal residence in the town of Simsbury, for the purpose of exercising the privilege of an elector in that town."

The finding does not explicitly affirm the truth of the allegations of the plea, but as residence is mainly a question of intent, and the intent of the defendant to keep his legal residence in Simsbury is expressly found, we think it is equivalent to finding the residence in Simsbury; which, being matter of fact, is not the subject of revision by this court. If however, as claimed, the court misconstrued the charter as to the nature of the residence required, it would involve a question of law.

The plaintiff claims that by the charter a mere temporary residence, as a boarder, is sufficient to confer jurisdiction. We cannot accept this as the true meaning of the charter.

If the residence is temporary, its nature remains the same, whether it is continued for a year or a day. If, therefore, we adopt the plaintiffs' meaning of the word, there would be no distinction between the jurisdiction of the City Court and courts of general jurisdiction. This surely could not have been contemplated by the legislature when they created this local court. The word "resides" must refer to that continuous and voluntary abiding which constitutes lawful residence, as distinguished from that which is temporary.

The remaining question is, whether the court erred in receiving the plea to the jurisdiction, under the circumstances detailed, which involves the question whether the appearance of the defendant and the filing of the plea of the general issue was a waiver of his right to object to the jurisdiction; and whether the court had power, discretionary or otherwise, to receive the plea.

That the entertaining of the plea to the jurisdiction was fully within the discretion of the court is abundantly sustained by the cases of *Wildman* v. *Rider*, 23 Conn., 172, and *Olmstead's Appeal from Probate*, 43 Conn., 110.

The first mentioned case was originally tried before a justice on the general issue and decided for the plaintiff. The defendant then appealed to the County Court, where on the same issue he obtained a verdict in his favor. The plaintiff then appealed the case to the Superior Court, and there moved to erase the case on the ground that it was not appealable from the jurisdiction of the justice of the peace. The court refused to erase the case, and after trial on its merits gave judgment for the defendant. The plaintiff then by writ of error brought the record before this court, where it was held that the case was not within the appellate jurisdiction of either the County or the Superior Court, and that there was no waiver of the objection. WAITE, J., in giving the opinion said: "It was the duty of the court to dismiss the case whenever it discovered that it had no jurisdiction over it, and it was immaterial by whom a knowledge of that fact was communicated."

It is equally clear from the above and numerous other authorities that might be cited, that there was not, and could not have been, any waiver on the part of the defendant to affect the question. *State* v. *Richmond*, 26 N. Hamp., 232; *Damp* v. *Town of Dane*, 29 Wis., 419.

It is a fundamental principle that jurisdiction of the subject matter is never conferred by consent, it must come from the law.

There was no error in the judgment complained of.

In this opinion PARK, C. J., and PARDEE, J. concurred.

CARPENTER, J.  A plea in abatement was necessary in order to raise the question of jurisdiction.  I think that plea was filed too late.

The defendant was described in the writ as a resident of New Haven, and as such service was made on him.  He appeared in court, pleaded to the merits, and the cause was reached for trial.  I think he thereby waived the objection and conclusively admitted, for the purposes of this case, that his residence was in New Haven.

In this opinion GRANGER, J. concurred.