## LUCINDA M. C. T. GODDARD *vs.* EDWIN A. TREAT ET AL.

First Judicial District, Hartford, October Term, 1910.

HALL, C. J., PRENTICE, THAYER, RORABACK and WHEELER, JS.

The existence of an incapacity to manage one's own affairs, which General Statutes, § 237, prescribes as the test for the appointment of a conservator, is peculiarly a question of fact for the determination of the trial court; and its finding thereon is conclusive upon this court upon appeal, unless the record discloses that in reaching it some rule or principle of law was violated.

Incipient senile dementia does not necessarily and as matter of law render a person incapable of managing his own affairs, although the progress of the disease may in time produce such incapacity; and therefore a person so affected ought not to be placed under a conservator so long as he remains capable of managing his property himself.

Reasons of appeal should assert error directly, and not suggest it in the form of a *quære.*

Submitted on briefs October 5th—decided November 1st, 1910.

APPEAL by the plaintiff from an order and decree of the Court of Probate for the district of Hartford adjudging her to be an incompetent person and appointing a conservator over her and her estate, taken to and tried by the Superior Court in Hartford County, *Burpee, J.;* facts found and judgment rendered for the plaintiff, from which the defendants appealed. *No error.*

*John A. Stoughton* and *Sidney E. Clarke,* for the appellants (defendants).

*Benedict M. Holden* and *Bernard F. Gaffney,* for the appellee (plaintiff).

HALL, C. J. Upon the application of the defendant Edwin A. Treat, a son of the plaintiff, the Court of

o

Probate on the 4th of November, 1909, appointed the
Connecticut Trust and Safe Deposit Company of Hart-
ford, one of the defendants, a conservator of the plain-
tiff. The Superior Court, upon the plaintiff's appeal,
having reversed the decree of the Court of Probate,
the defendants appeal to this court, upon the ground,
in substance, that the Superior Court erred in rendering
such judgment upon the facts found.

The facts found are substantially these: Lucinda M.
C. T. Goddard is seventy years old. She has both real
and personal property accumulated by herself and her
first husband, who died in 1906. She administered
his estate properly and with little assistance. A mutual
distribution of the estate was made by her and her son,
in pursuance of which she received several thousand
dollars and the son took possession of the homestead,
to occupy it as a home for his own family, agreeing to
pay his mother $200 a year for the privilege. Mrs.
Goddard bought a house in Hartford and has since
made her home in it, living alone, doing her own house-
work, buying her own supplies, and caring for herself
without help. She has rented a part of the house,
collecting rents herself, and with these and the income
of $200 received from her son, has supported herself
comfortably. She has been careful and economical in
managing her affairs, has saved and somewhat increased
her share of her first husband's estate, and has shown
willingness and ability to live within her means. Since
November, 1909, she has been permitted to continue to
collect the rents herself, and to use the money as she
wished, accounting to her conservator, and she has done
this satisfactorily and carefully. During this time the
income of her property has amounted to $498, of which
she has drawn only $128, and has not asked for any
more.

Mrs. Goddard has shown some of the signs of the

usual weakness of old age, and "is now somewhat afflicted by senile dementia, progressive in its nature and possibly erotic, but not yet advanced to such an extent as to impair in any degree her ability to manage her affairs."

On July 6th, 1909, Mrs. Goddard met her present husband for the first time, when he called at her house to sell stockings. He was then twenty-one years old and a student in the Yale Law School, was capable, industrious, and prudent in his own affairs, had earned and saved some money for himself, and was working in his vacation. On September 1st, 1909, while her son was absent from Hartford, Mrs. Goddard married this young man. When the marriage license was obtained he declared under oath that Mrs. Goddard was thirty-six years of age, repeating correctly the statement of her age made to him by her. They have since lived happily together. Mr. Goddard has continued his studies in the law school, and pays his own expenses, with his own money. Mrs. Goddard has never wasted or squandered her property, or shown any indication of a disposition or inclination to do so. She is not under the evil or undesirable influence of any one, and there is at present no danger nor cause to apprehend that she will lose or waste or squander her property, or permit any one to do so. She testified in her own behalf, and was examined and cross-examined at length, and showed much alertness and vigor of mind, and an unusually accurate memory and knowledge of the details of her business affairs during the last fifteen or twenty years, and a good comprehension of their management.

The trial court states as its conclusion, that Mrs. Goddard is not incapable of managing her affairs.

Section 237 of the General Statutes authorized the appointment of a conservator, under the application made by the defendant Treat, only over a person

"found to be incapable of managing his affairs." The Superior Court has expressly found that Mrs. Goddard is not incapable of managing her affairs, and in effect has found that there is no present danger of her becoming so. The question of capability was one of fact which it was peculiarly the province of the trial judge, who saw Mrs. Goddard and heard her testify at length, to decide. His finding is conclusive upon this court unless the record discloses that in reaching that decision he committed some error of law. *Cleveland's Appeal*, 72 Conn. 340, 44 Atl. 476; *Wentz's Appeal*, 76 Conn. 405, 56 Atl. 625; *Nichols* v. *Wentz*, 78 Conn. 429, 62 Atl. 610.

We find in the record no fact inconsistent in law with the conclusion reached by the trial court. The fact that Mrs. Goddard is now "somewhat afflicted with senile dementia" and that the disease may, at some uncertain time in the future, advance to a stage which will impair her ability to manage her affairs, does not justify the taking of the management of her property from her at the present time and placing it in the hands of another. It is the policy of the law to permit the owner of property to manage it himself, so long as he is capable of properly doing so. *Bryden's Estate*, 211 Pa. St. 633, 61 Atl. 250.

The defendants' several so-called claims of law, the alleged overruling of which are made reasons of appeal, are improperly stated in the record in the form of *quaeres. Case* v. *Clark*, 83 Conn. 183, 76 Atl. 518.

There is no error.

In this opinion the other judges concurred.