STANLEY YALE BEACH *vs.* THE FIRST NATIONAL BANK,
CONSERVATOR (STANLEY YALE BEACH'S
APPEAL FROM PROBATE).

Third Judicial District, Bridgeport, April Term, 1927.

WHEELER, C. J., MALTBIE, HAINES, HINMAN and BANKS, Js.

The right to receive the income of a trust fund is property, and its
*situs* the domicil of the beneficiary.

The residence of an incompetent person, and not the location of
his property, determines the court which has jurisdiction to
appoint a conservator.

A finding will not be corrected to include facts which would not
affect the conclusions reached by the trial court.

A finding should set forth the facts established, not the evidence
offered, upon a given point.

When, as is usually the case, an ultimate fact or a conclusion of
fact must be drawn by a process of reasoning from subordinate
operative facts, the latter should appear in the finding, but if
the ultimate fact is deducible solely from the evidence, and
not from subordinate facts, such evidence has no place in the
finding.

When the final determination of an issue depends upon the appli-
cation of legal principles to certain facts, all the ultimate facts
or conclusions of fact which are essential to, or properly to be
considered in reaching, the resulting conclusion of law, and
in determining its correctness, should be included in the finding.

In a proceeding for the appointment of a conservator, a finding of

(1)

the ultimate facts of residence and of incompetency, without a statement of the subordinate facts, affords no material for an inquiry by this court into the propriety of the trial court's action in these particulars, unless the appellant, by his draft-finding and motion to correct, seeks to have the essential subordinate facts incorporated in the finding.

A conclusion of fact will not be disturbed by this court if there was evidence from which it reasonably could have been reached.

Incapacity to manage one's affairs, as indicated by a desire to engage in misguided speculations and by a chronic state of needless financial embarrassment, warrants the appointment of a conservator, whether it be accompanied by mental derangement and physical infirmities or not.

The fact that the property of an incompetent consists, in large part, of payments from a trust fund, the size and frequency of which are within the discretion of the trustees, may have an important, but by no means conclusive, bearing upon the practical necessity or advisability of a conservatorship.

The Court of Probate having control of a conservatorship should never permit it to be used as an instrument of oppression or restraint beyond the limits necessary to the accomplishment of the purposes for which it was created.

Argued April 13th—decided October 18th, 1927.

APPEAL by the plaintiff from a decree of the Court of Probate for the district of Stratford appointing the defendant conservator of his person and estate, taken to the Superior Court in Fairfield County and tried to the court, *Wolfe, J.;* judgment rendered dismissing the appeal and affirming the decree, from which the plaintiff appealed. *No error.*

*Frank L. Wilder,* for the appellant (plaintiff).

*Edward K. Nicholson,* for the appellee (defendant).

HINMAN, J. The application, brought on July 31st, 1925, by Margaret A. Beach for the appointment of a conservator of the person and estate of her son, the appellant, alleged (a) that he resided in the town of Stratford, (b) that he had property therein, and (c) that by reason of mental derangement and physical

infirmities he had become and was then incapable of managing his affairs. On September 3d, 1925, the Court of Probate, after a hearing, found that the allegations contained in the application were true and appointed the First National Bank of Bridgeport as conservator. Upon appeal, the Superior Court affirmed this decree.

The finding of the trial court, that the appellant was, at the time of the filing of the application and on the date of the order appointing the conservator, a resident of the town of Stratford, had property in that town, and had become and then was incapable of managing his affairs, fulfils the requirements of § 4884 of the General Statutes for the appointment of a conservator and supports the conclusion that the decree of the Court of Probate should be affirmed. Therefore the appellant, in order to prevail upon this appeal, must obtain such correction of the finding as will remove one or more of the above-mentioned findings of fact which are essential to support the judgment.

The finding, as made, sets forth none of the subordinate facts from which the ultimate facts of residence, possession of property, and incapability were found. As to the question of residence, the appellant requests the inclusion of a few circumstances bearing somewhat upon the matter of residence, but which, even if they were embodied in the finding, would not be sufficient to affect the conclusion that the appellant was a resident of Stratford, nor show that it was reached through, or involved, an error of law.

The only subordinate facts specifically pertaining to the possession of property, which are sought to be inserted in the finding and which appear to be undisputed, are that appellant had an automobile and some personal effects at the house of Helen B. Beach, his

wife, in Stratford. It appears, further, however, that under a trust established by the appellant's father he is entitled to the use and benefit of a fund yielding an income of considerable amount, the record showing that between January 1st, 1924, and September 18th, 1925, the payments by the trustees to him aggregated over $12,000. The right to receive this income is also property, and is to be regarded as having a *situs* in Stratford. Appellant's residence determines the court having jurisdiction, wherever the property may be located. *Wentz's Appeal,* 76 Conn. 405, 410, 56 Atl. 625.

It is also sought to add to the finding that under the same trust the appellant's wife receives the same amount of income as the appellant, and neither she nor her family were dependent upon the appellant for support nor has any substantial support been furnished to them by him for many years. The finding of these facts would not, however, directly affect the ultimate facts upon which the judgment depends. No useful purpose would therefore be served by correcting the finding in this respect. *Winestine* v. *Rose Cloak & Suit Co.,* 93 Conn. 633, 636, 107 Atl. 500; *Hayes* v. *Morris & Co.,* 98 Conn. 603, 605, 119 Atl. 901.

Error is assigned in the refusal of the trial court to substitute for the finding (paragraph seven) that the appellant was incapable of managing his affairs, a paragraph (thirteen) of the draft-finding, stating that "the only evidence of his lack of capability in handling his own affairs was his refusal to abandon his daughter in New York and her mother, and in spending his income in their maintenance, and in the furthering of certain scientific investigations from which he derived no profit." The trial court is not required to make a finding of what evidence was offered upon a given point,

but of what facts were fairly established by the evidence upon such point. "If the complaining party deems the evidence insufficient to support the fact, he should ask that the finding be corrected by striking out such fact." *Portland Water Co.* v. *Portland,* 97 Conn. 628, 631, 118 Atl. 84. Furthermore, as will hereinafter appear, the evidence tending to prove incapability was by no means as limited in scope and effect as is indicated by this requested correction.

The appellant is, therefore, not entitled to any requested correction of the finding by the insertion of subordinate facts which would subvert the conclusions of the trial court as to the essential facts of residence, possession of property and incapability to manage the same.

Section 134 of the Rules (Practice Book, p. 272) provides that the finding shall "avoid the recital of evidence and all evidential matters, and be confined to a statement of those operative or ultimate facts which may be necessary for a clear understanding of the questions of law desired by counsel to be reviewed." *Gilpatric* v. *National Surety Co.,* 95 Conn. 10, 17, 110 Atl. 545. The distinction between matter which is merely evidential and that which states an operative or ultimate fact is one not always easily to be drawn and often overlooked or disregarded. Lucid definition is difficult and has seldom been attempted. It is plain, however, that when, as is usually the case, an ultimate fact or a conclusion of fact must be reached by a process of reasoning from subordinate operative facts, the latter should appear. On the other hand, if there be involved an ultimate fact deducible, not through reasoning from subordinate facts, but solely from the evidence bearing upon the particular point, the evidence from which the ultimate fact is deduced should not be included in the finding. If, in order to reach a final

determination of an issue, resort must be had to application of principles or processes of law to certain facts, all the ultimate facts or conclusions of fact, present in the case, which are essential to, or properly to be considered in reaching the resulting conclusion of law, and in determining its correctness, should be set forth in the finding.

In the present case, if the subordinate facts from which the conclusion as to residence was drawn were stated in the finding, this court would be in a position to determine whether those facts, after corrections, if any, are made, support the conclusion, or whether, on the other hand, the reaching of that conclusion involved an error of law. Likewise, a finding disclosing the salient facts from which the conclusion of incapability was drawn would have permitted a review of the only available question—whether the trial court, in reaching its decision on that point, committed some error of law. Unless such error be present, both residence and capability are questions of fact which it is peculiarly the province of the trial court to decide. *Charter Oak Bank* v. *Reed,* 45 Conn. 391, 395; *Goddard* v. *Treat,* 83 Conn. 516, 519, 77 Atl. 959; *Cleveland's Appeal,* 72 Conn. 340, 44 Atl. 476; *Wentz's Appeal, supra.*

The appellant, by his draft-finding and motion to correct, could have had all of the essential subordinate facts incorporated in the finding. *Hayward* v. *Plant,* 98 Conn. 374, 383, 119 Atl. 341. But in the absence from the finding of such subordinate facts and any statement of the legal principles applied in reaching the conclusions "we are . . . left without material for an inquiry into the propriety of the court's action in this regard." *Atwood* v. *Jarrett,* 81 Conn. 532, 533, 71 Atl. 569.

The appellant seeks, further, to attack the three con-

stituent conclusions of fact as not supported by the evidence, his claims in this respect, as summarized in the brief, being that "there is nothing in the record to justify the court in finding either that Beach was a resident, or had a domicil in Connecticut, or that he had sufficient property to justify the appointment of a conservator, or that he was incompetent and incapable of handling his own affairs." In effect we are invited to go to such of the evidence as the parties deemed material and which is printed in the record and retry the case. This, as we have consistently held, we cannot do. *Hayward* v. *Plant, supra,* p. 382, and cases cited. Moreover, we cannot correct the finding by striking out conclusions of fact if it appears that there was evidence from which the court below could have reasonably reached the conclusions complained of. *Maley* v. *Hugo,* 87 Conn. 323, 324, 87 Atl. 734. If, by a somewhat liberal construction of the reasons of appeal, we may regard them as embracing an attempt to eliminate these facts as having been found without evidence, the effort would be unavailing, for it is readily discoverable that these findings were not made without evidence, but could have been fairly deduced from the evidence. The undisputed situation as to the appellant's possession of property has already been stated, and there was abundant evidence from which residence in Stratford might be found. As to appellant's capability to manage his affairs, while there is no direct evidence of the "mental derangement and physical infirmities" alleged in the application to the Court of Probate, the trial court has not found such defects to exist, but merely that the appellant was incapable of managing his affairs, and this is sufficient to warrant the appointment of a conservator, the purpose of the statute being to safeguard the interests of anyone who would squander and waste his estate if

allowed to manage it. *Cleveland's Appeal, supra,* p. 342. The letters written by the appellant, especially those relating to speculations desired to be engaged in, and the chronic state of financial embarrassment disclosed thereby, in spite of the amount of income which he was receiving from his trustees supplemented by payments by his mother, are sufficient of themselves to absolve the court's conclusion from disability as having been made without supporting evidence.

It does not appear that the situation or capacity of the appellant has materially changed since the trust became effective. Under this, the trustees are authorized to pay the income to the respective beneficiaries "at least quarter-yearly or at shorter intervals in the discretion of the trustees." The exhibits setting forth the payments made by the trustees to Beach after January 1st, 1924, show that they were of small amounts, usually $100 or less, at frequent intervals, and it is claimed that adequate supervision and restraint in the conduct of appellant's financial affairs have been or may be exercised by such administration of the trust, without the intervention of a conservator. While this is a relevant and perhaps weighty suggestion, it is by no means determinative of the question of the practical necessity or advisability of a conservatorship, and if it was advanced before the trial court, doubtless was given due consideration.

The finding discloses that for a number of years the appellant has spent the greater part of his time in New York City; the application for a conservator appears to have soon followed discovery, by the applicant, of the existence there of a girl whom the appellant recognized as his illegitimate daughter, to whose support and that of her mother he was contributing, and the possibility of whose legal adoption he was considering; and the evidence affords strong intimation of a pur-

pose, through the conservatorship, to compel the appellant to leave New York, abandon the girl and her mother and cease contributions to their support, and to come to and remain in Connecticut, by making compliance a condition of continued receipt of income. This, however, is a matter pertaining to the administration of the conservatorship, rather than one materially affecting its creation. It is to be assumed and expected that the Court of Probate, having control of such administration, will not countenance any attempt to make of it an instrument of oppression or restraint of the appellant's personal liberty of conduct, movement, or dwelling-place, or of coercion to repudiate legal or even moral obligations, beyond what is necessary to accomplish the purpose which the situation disclosed by the record would seem to require—that of safeguarding the resources of the appellant from the consequences of visionary promotions and speculations, misguided philanthropies, and wasteful expenditures.

Upon this record the judgment ratifying the decree of the Court of Probate must be affirmed.

There is no error.

In this opinion the other judges concurred.