LILLIAN M. JUDD *vs.* H. S. COE & COMPANY, INCORPORATED.

MALTBIE, C. J., HAINES, HINMAN, BANKS and AVERY, Js.

Argued October 4th—decided November 7th, 1933.

*James E. McKnight,* for the appellant (defendant).

*John H. Cassidy,* with whom was *Walter W. Smyth,* for the appellee (plaintiff).

MALTBIE, C. J.  The plaintiff brought this action to recover damages for the death of a horse owned by her, alleging that it died as a result of lead poisoning caused by feed bought from the defendant.  No substantial change can be made in the trial court's finding.  It does, however, contain a number of paragraphs which state testimony offered at the trial and which should not have been included. *Beach* v. *First National Bank,* 107 Conn. 1, 5, 138 Atl. 905.  There was expert testimony that the horse died as a result of poisoning and that it had at least some of the symptoms of acute lead poisoning; an analysis of the contents of its stomach procured by autopsy disclosed a trace of lead and an analysis of the feed in question disclosed a similar trace of lead; and the only theory of poisoning other than that of the plaintiff, advanced by an expert witness called by the defendant, was that the horse died of poison due to mouldy pasturage, a theory which was met by testimony that such a condition did not exist in this part of the country.  The trial court could reasonably find that the death of the horse was due to lead poisoning.

In addition to the horse which died, three horses upon the farm ate this feed and all became sick, one dying; the only other food eaten by the horses at this time was grass in a pasture into which they were turned and hay fed in the barn; but cows which were in the same pasture and ate the same hay were not poisoned; and while there was evidence that the cows might not have grazed at the same places in the pasture as the horses, again the theory that the sickness

of the horses was due to mouldy pasturage is met by the evidence that such a situation does not occur in this part of the country. The trial court could reasonably conclude that the poisoning came from the feed bought of the defendant.

While the place in which the feed was kept upon the farm and the conditions of life there would afford some opportunity to a person who desired to poison the horses to place poison in the feed after it was received, the trial court might reasonably conclude that the more reasonable explanation was that the lead was in the feed when it was bought. Without reviewing the facts in evidence further, we briefly state our conclusion that the decision of the trial court in favor of the plaintiff finds adequate support in the subordinate facts found and the evidence. In a civil case a plaintiff is not bound to demonstrate his right to recover, or even to prove it beyond a reasonable doubt. It is sufficient if the evidence produces in the mind of the trier a reasonable belief of the probability of the existence of the material facts. *Johnson* v. *Connecticut Co.,* 85 Conn. 438, 441, 83 Atl. 530.

The feed was bought for use at the regular feeding times for the horses after its receipt. Its use began the same afternoon it was delivered, was continued the next day, and on the morning of the second day after its receipt the horses became sick. There was no such delay in the use of the feed or such an opportunity afforded for it to become contaminated after its receipt as to make inapplicable the principle of an implied warranty that it was wholesome and fit for use. General Statutes, § 4635; *Burkhardt* v. *Armour & Co.,* 115 Conn. 249, 259, 161 Atl. 385; *French* v. *Vining,* 102 Mass. 132, 136.

The trial court included in the judgment an item of $30, which it found to be the reasonable value of the

services of the veterinarian who attended the horse. There is no evidence that the veterinarian made any charge to the plaintiff for the services or as to their value. In this situation the allowance of this item was improper. *Jackiewicz* v. *United Illuminating Co.*, 106 Conn. 310, 311, 138 Atl. 151; *Bushnell* v. *Bushnell*, 103 Conn. 583, 596, 131 Atl. 432. The case is not like *Carangelo* v. *Nutmeg Farm, Inc.*, 115 Conn. 457, 162 Atl. 4, where there was evidence of the amount of the charges made by the physician who attended the plaintiff and we held that it was not necessary, in order to justify an allowance of damages on this account to the plaintiff, that evidence be offered as to the reasonableness of the charges. The loss of the plaintiff was, however, one which entitled her to recover interest upon the amount of her damages; *Smith* v. *Waterbury & Milldale Tramway Co.*, 99 Conn. 446, 457, 121 Atl. 873; but the trial court made no such allowance. Interest from the date of the death of the horse to the date of the judgment, if allowed, would have amounted to more than $30. Under these circumstances, justice to the parties does not require that the judgment be set aside.

There is no error.

In this opinion the other judges concurred.