COLE *v.* UNITED STATES FIRE INS. CO.

1. INSURANCE—FIRE—EXPLOSION—PROXIMATE CAUSE.

Generally, recovery may be had under fire insurance policy for entire loss where fire precedes explosion and explosion is incident thereto, fire being proximate cause of injury by explosion.

2. SAME—FIRE—EXPLOSION—FRIENDLY FIRE.

Fire insurance policy covers entire damage to property as fire loss to vendors where vendee, in order to burn house, threw lighted match on gasoline he had scattered in basement, although an unexpected explosion followed, there being no element of friendly fire preceding explosion.

WEADOCK and SHARPE, JJ., dissenting.

Appeal from Kent; Perkins (Willis B.), J. Submitted October 5, 1933. (Docket No. 59, Calendar No. 37,396.) Decided December 5, 1933. Rehearing denied March 6, 1934.

Bill by Earl R. Cole and Inez M. Cole against United States Fire Insurance Company and North River Insurance Company, New York corporations,

to reform a fire insurance policy and declare liability thereunder. Decree for plaintiffs. Defendants appeal. Affirmed. On motion for rehearing, judgment was reduced to $1,409.09 and costs granted to appellants in principal case.

*Adrian W. Verspoor,* for plaintiffs.

*Samuel Levin* and *Travis, Merrick, Johnson & McCobb,* for defendants.

WEADOCK, J. (*dissenting*). On September 28, 1926, plaintiffs entered into a land contract with Thomas N. Sickrey for the sale of certain real estate at No. 4727 Division avenue, county of Kent. The contract provided that Sickrey was to keep the buildings insured against loss by fire and in the event of loss the insurance to be paid to plaintiffs.

On October 2, 1926, plaintiffs entered into a contract of insurance with defendants. Mrs. Cole testified that she went to see Mrs. Sara Igelman, the solicitor for the LaBarge Insurance Agency (the duly authorized agent of defendant company), explaining their interest in the property as being that of owners and vendors and asking that they be protected. Mrs. Igelman testified she gave this information to Mrs. Ethel A. Knutson, then Miss Ethel Dell, an employee of the LaBarge Insurance Agency, over the telephone, asking that the interest of plaintiffs be protected in issuing the policy. She is supported in this testimony by Mrs. Cole. Mrs. Knutson denies this and testified that Mrs. Igelman instructed her to issue the policy to Thomas Sickrey. The policy was issued in the name of Thomas N. Sickrey on the uniform standard Michigan form, with a mortgage clause running to plaintiffs, and was sent to Mrs. Igelman who testified that her office girl made a record of it and mailed it to the

Coles. This contract of insurance expired and Mrs. Igelman testified that she called Mr. LaBarge at his office and told him to renew it, asking that the interest of plaintiffs be protected. The policy was sent to Mrs. Igelman's office and a record made of it by the office girl and mailed to the Coles.

On July 7, 1932, Thomas N. Sickrey burned the house by pouring a quantity of gasoline in the basement and throwing a match into the cellar window. He testified that this caused an explosion; that he walked four or five steps and discovered his shirt was on fire and his arms were burned but that he did not see the house on fire until after he had driven his car six blocks and turned around toward the house. There is no other testimony to support the claim of defendants that the property was destroyed by an explosion. The court held that the defendant companies did not establish their claim on the theory of explosion.

Plaintiffs filed proofs of loss which defendants claim were inadequate. The court held that defendants did not establish this claim. The court held that damages should be awarded on the basis of the interest of plaintiffs in the property insured at the time of the fire on July 7, 1932, amounting to $1,761.31. Defendants have appealed.

The policy provided that the insurance company should be liable for any direct loss or damage to the property insured hereunder caused by explosion occurring in the structure insured.

"Provided further that in each and every instance the explosion results from the hazards inherent in the occupancy described herein (frame building, garage and barn) and not otherwise."

.The property was destroyed by explosion, not in the foregoing manner but intentionally, and criminally by Thomas Sickrey, vendee in the land contract which was the basis of the insurable interest of plaintiffs, who testified that he sprinkled a gallon and a half of gasoline in the basement of the house, threw in a lighted match and the house exploded. For the crime he was convicted and sentenced to the prison at Ionia on July 28, 1932. After Sickrey burned the property he gave plaintiffs a quitclaim deed of it. There was no testimony contradicting Sickrey. The other matters as to reformation of policy, value of property, etc., become immaterial.

The decree should be reversed, with costs to defendants and appellants.

Sharpe, J., concurred with Weadock, J.

Fead, J. I cannot agree with the result reached by Mr. Justice Weadock.

The house was damaged by both explosion and fire. Plaintiffs recovered for the whole damage on the theory it was all a fire loss. Defendants denied liability for that part of the damage caused by the explosion. The proofs attempted no determination of the loss attributable to each.

The facts are undisputed. The events in sequence were that Sickrey scattered gasoline in the basement with the purpose of burning the house, he went outside, threw a lighted match through the open window, the flame caused the gasoline vapor to ignite, an explosion and fire resulted, each causing damage.

The policy insured ''against all direct loss or damage, by fire,'' except, etc. The insurer is not liable for loss occurring ''by explosion or lightning

unless fire ensue, and, in that event, for loss or damage by fire only.''

The general rule is:

"Under a provision of the latter character, if the fire precedes the explosion and the explosion is an incident thereto, the fire is the direct or proximate cause of the injury by the explosion, and the insured is entitled to recover for his entire loss; but, if the explosion precedes the fire and is not caused by it, he can, under the express terms of the policy, only recover for that proportion of the damages resulting from the fire alone.'' 14 R. C. L. p. 1218.

See, also, *Judson* v. *Manhattan Fire & Marine Ins. Co.,* 243 Mich. 458; 26 C. J. p. 344; notes in 38 L. R. A. (N. S.) 474; 13 A. L. R. 883; 44 A. L. R. 870; 65 A. L. R. 934.

The general rule, however, does not solve our problem. It is held that where an explosion of gas is caused by an innocent flame, like a lighted lamp or match, the damage therefrom is an explosion, not a fire loss under the policy. *Ross* v. *L. & L. & G. Ins. Co.,* 83 N. J. Law, 340 (84 Atl. 1050); *Briggs* v. *N. A. & M. Ins. Co.,* 53 N. Y. 446; *Zamboni* v. *Imp. Dealers Mutual Fire Ins. Co.,* 174 Minn. 122 (218 N. W. 457). This ruling is in harmony with the construction that the policy does not insure against innocent or friendly fire. *Harter* v. *Phœnix Ins. Co.,* 257 Mich. 163. However, where a lighted match, carelessly thrown into a keg of gun powder, caused an explosion and fire, the whole damage was held to be a fire loss. *Hobbs* v. *Northern Assurance Co.,* 12 Can. Sup. Ct. 631. The negligence converted the flame into a hostile fire.

The case at bar is quite unusual and does not fit into any of the reported cases. The lighted match was a hostile element, intentionally criminal. The

gasoline was not an innocent occupant of the house. It was a malicious enemy, introduced specifically as an instrumentality to burn the building. Both the lighted match and gasoline were so intended and so resulted. When the flame from the match set fire to the gasoline vapor, the elements of destruction by fire were in full operation. The fact that an unexpected explosion occurred does not prevent the damage being wholly a fire loss because it happened as an incident of the burning and was subsequent to the first hostile fire which, in uninterrupted operation, caused the conflagration. The whole damage was within the policy as a fire loss.

Defendants raise other points in connection with liability but, under the findings of fact by the court, amply supported by the testimony, and repeated decisions of this court, they need no discussion. However, defendants urge that the decree is erroneous in providing joint judgment against the defendants instead of adjudging *pro rata* liability and in failing to provide for subrogation.

The court recognized the right of subrogation and suggested that counsel present their views. Evidently it was not done. If counsel desire to propose amendments to the decree in these respects, they will be considered on settlement; otherwise the decree is affirmed, with costs to plaintiffs.

MacDONALD, C. J., and POTTER, NORTH, WIEST, and BUTZEL, JJ., concurred with FEAD, J.