ARTHUR A. FOGARTY *vs.* FIDELITY AND CASUALTY COMPANY.

MALTBIE, C. J., HINMAN, BANKS, AVERY and BROWN, Js.

Argued November 4th—decided December 1st, 1936.

*Joseph F. Berry,* with whom was *Olcott D. Smith,* for the appellant (defendant).

*Wallace W. Brown,* for the appellee (plaintiff).

MALTBIE, C. J.   A truck belonging to the plaintiff was being driven along a State highway in Massachusetts by one of his employees when a flame suddenly flashed up into the driving cab.   The truck veered across the highway and plunged down a steep embankment to the ground at the bottom, fire ensued, and the truck was completely destroyed.   The plaintiff had a policy of fire insurance covering the truck, and also the policy which is the basis of the present action, and which insured him against loss resulting from its collision or upset.   The company which issued the fire insurance policy paid the plaintiff for the entire loss, taking from him an agreement wherein he assigned to it his rights under the policy upon which this suit is founded, with authority to bring an action in his name.   In the policy the defendant agreed: "To insure the Assured against loss on account of damages to, or loss of, any automobile described in Declaration 5, including operating equipment while attached thereto, if caused by collision with any object or by upset (excluding damage by fire, tire damage unless other damage is coincident, and any loss or damage caused directly or indirectly by any accident excluded under the policy as a cause of bodily injury or death), provided always that the Company may replace or

repair the damaged property or pay in money its intrinsic value at the time of the accident."

The action was before us at a previous term, the plaintiff having appealed from a judgment rendered for the defendant, and we found error and remanded the case for a new trial. *Fogarty* v. *Fidelity & Casualty Co.*, 120 Conn. 296, 180 Atl. 458. We then held that as the defendant had not pleaded the clause excluding damage by fire the effect of that provision was excluded from consideration. After the case was remanded the defendant filed an amendment to its answer, reciting that provision and substantially alleging that the damage suffered by the plaintiff was within its terms and so not covered by the policy. The court on retrial gave judgment for the plaintiff and the defendant has appealed.

At the retrial the case was heard upon the basis of the evidence produced at the original trial with certain additional evidence offered by the parties. The finding states the following facts: As the truck was proceeding along the highway a bright flame flashed suddenly into the driving cab, coming up from its bottom, slightly ahead and slightly to the right of the driver. No warning preceded the outburst of flame, either in the way of smoke, odor or otherwise. It was insufficient to burn or even to singe the driver or his clothing. While its origin is not definitely known, it probably was due to the ignition of oil or grease accumulated in the vicinity of the engine from heat or a spark thrown off by a dry bearing. The outburst of flame frightened the driver and caused him to lose control of the truck. The truck veered across the highway, plunged over a very steep embankment and fell in upset condition to hard and rocky ground some seventy-five to one hundred feet below, the driver, however, escaping from the truck at the start of its

fall. The course of the truck in veering off the road was due entirely to and proximately caused by the fire coming into the cab. As a result of its impact with the ground, the truck was completely wrecked and rendered worthless. By reason of the fall of the truck, the gasoline contained in its tanks was ignited and a general fire ensued which eventually consumed all combustible material forming a part of it. In order to have exploded the gasoline in the tanks by the application of external heat, a temperature of about eight hundred degrees applied to them for about one minute would be required. It would not be possible for a fire to run up the feed line containing gasoline, broken or otherwise, into the tanks.

This finding differs in material aspects from that before us at the previous trial. There it was found that the fire in the cab was a great sheet of flame and that the truck was ablaze from the time the flame came into the cab and while the truck went down the bank, and when it reached the bottom an explosion occurred; while it is here found that the flame in the cab was insufficient to burn or even singe the driver or his clothing, and there is no finding that the flame continued to burn from the time it first burst into the cab and while the truck plunged down the bank. The defendant in its assignments of error attacks most of the findings now before us with reference to the way in which the loss came about, and asks to have substituted findings like those made as a result of the former trial, to the effect that the fire which broke out in the cab was a great sheet of flame which enveloped the inside of it, and that the truck was ablaze from the time the flame first burst out, all the time it was going down the embankment; also, that at some time during the continuance of the fire an explosion occurred; that during the fall or at some time during

the fire the gasoline in the tanks ignited; that the truck was totally destroyed as a result of the fire; and that while some damage was done to the truck by reason of its striking the ground and upsetting after it went down the embankment this was slight, and the fire so far as could be determined caused all of the damage suffered.

The only witness of the occurrences in question was the driver of the car, and in view of the nature of the accident, the fact that he jumped or was thrown from the truck, and his own admission that he was frightened, the trial court might reasonably question the accuracy of his testimony in every detail. His evidence could be taken as not fairly supporting the description of the flame in the cab which the defendant seeks to have incorporated in the finding, and while in reply to a leading question on cross-examination he did state that the fire continued from the time the flame burst out in the cab until the truck was consumed, the trial court could reasonably refuse to accept that testimony, particularly in view of the nature and position of that flame and the method of construction of the truck. For the rest, the findings of the trial court are largely based upon inferences which it could reasonably draw from the circumstances of the occurrence, supported in part by certain expert testimony offered by the plaintiff, and we cannot say that its findings, though differing from those reached at the previous trial, were not based upon reasonable probability. That being so, the finding must stand as made. *Judd* v. *Coe & Co., Inc.*, 117 Conn. 510, 512, 169 Atl. 270.

The plaintiff was entitled to recover unless the loss was within the clause "excluding damage by fire." *Fogarty* v. *Fidelity & Casualty Co.*, 120 Conn. 296, 304, 180 Atl. 458. This provision, as the defendant

concedes, would not exclude loss by fire where the fire resulted from a collision or upset within the terms of the policy. *Hartford Fire Ins. Co.* v. *Norwich & N. Y. Transp. Co.*, 79 U. S. (12 Wall.) 194, 200; *German Savings & Loan Soc.* v. *Commercial Union Assur. Co., Ltd.*, 187 Fed. 758; *Bird* v. *St. Paul Fire & Marine Ins. Co.*, 224 N. Y. 47, 55, 120 N. E. 86; notes, 13 A. L. R. 883, 65 A. L. R. 934. The clause, if it is to amount to anything in a case like this, must, then, refer to a fire which was not caused by collision or upset. Upon the principle to which we have just referred, if the collision and upset was caused by the fire, loss due to the former would be attributed to the fire and included within the excluding clause. *Norwich & N. Y. Transp. Co.* v. *Western Massachusetts Ins. Co.*, 34 Conn. 561.

It is true, as we pointed out when the case was before us at the previous term, that we would hesitate to adopt a construction of the policy before us which would defeat the natural assumption of an assured that he was protected against such a loss as that suffered here where he had taken out two policies of insurance, one covering loss by fire which injured or destroyed the truck, and the other covering loss due to collision or upset. We have, however, no need to consider the situation which might be presented if the fire which occurred in the cab in this case was one which was not within the coverage of an ordinary fire policy. "Whatever may be held to be the meaning of the word 'fire' in any particular case before the court, a policy insuring against losses by fire will cover every loss, damage, or injury to the insured property of which 'fire' is the proximate cause. It includes every loss necessarily following from the occurrence of a fire, if it arises directly and immediately from the peril, or necessarily from judicially admissible and surrounding circumstances, the operation and influ-

ence of which could not be avoided. It is not necessary that the identical property, or even any part of it, be consumed, or burned, or even ignited. If the loss be the direct effect of ignition or burning, or the result of bona fide efforts, justified by the circumstances, to save property, as in the case of removal of goods, the destruction of buildings to prevent the spread of a conflagration, the use of water to extinguish the fire, it is a loss by fire." 5 Couch, Insurance, p. 4398. "The fire, however, may be the proximate, that is, the dominant and efficient cause of the loss, though it starts outside the premises insured and never extends to them in the form of combustion." Richards, Law of Insurance (4th Ed.) p. 330.

In *Russell* v. *German Fire Ins. Co.*, 100 Minn. 528, 111 N. W. 400, the plaintiff's building was injured by the collapse of a wall upon the adjoining property, due to the burning of that property, and a judgment entitling the plaintiff to recover the loss from the defendant, which had insured his building against loss or damage by fire, was sustained, though the wall fell in a windstorm occurring seven days after the fire. In *City Fire Ins. Co.* v. *Corlies*, 21 Wend. (N. Y.) 367, the plaintiff recovered upon a policy of fire insurance upon goods where they were destroyed by the blowing up, with gunpowder, of the building where they were stored, in the attempt to stay a conflagration. Recovery may be had on a fire insurance policy covering goods where the loss occurs in the course of their removal due to the apprehension that they may be damaged by a fire; *Case* v. *Hartford Fire Ins. Co.*, 13 Ill. 676; even though the fire never reaches the portion of the building where they were located; *Hillier* v. *Allegheny Mutual Fire Ins. Co.*, 3 Pa. St. 470; and though the loss was due to the theft of the goods. *Witherell* v. *Maine Ins. Co.*, 49 Me. 200; 6 Cooley,

Briefs on Insurance (2d Ed.) p. 4944. See also *Lynn Gas & Electric Co.* v. *Meriden Fire Ins. Co.*, 158 Mass. 570, 33 N. E. 690; *New York & B. D. Express Co.* v. *Traders & Mechanics Ins. Co.*, 132 Mass. 377; *Brady* v. *North Western Ins. Co.*, 11 Mich. 425; *Magoun* v. *New England Marine Ins. Co.*, 1 Story (U. S.) 157, 164.

In the instant case there is no evidence that the fire which flashed up into the cab did any damage to the truck, and it is probable, as we pointed out when the case was before us at the previous term, that no appreciable damage did result. But this flame was different from and more than a lighted match, cigar, gas jet, and the like, which have been held not to constitute "fire" within the terms of insurance policies. *Mitchell* v. *Potomac Ins. Co.*, 183 U. S. 42, 52, 22 Sup. Ct. 22; *Briggs* v. *North American & Mercantile Ins. Co.*, 53 N. Y. 446, 449. Though it did not in fact damage the truck, it was in every sense a hostile fire, and might quite possibly have done so had the truck remained upon the highway. *Lavitt* v. *Hartford County Mutual Fire Ins. Co.*, 105 Conn. 729, 734, 136 Atl. 572; *Cole* v. *United States Fire Ins. Co.*, 265 Mich. 246, 250, 251 N. W. 400. The finding of the court shows that there was a direct chain of causation starting with the outburst of flame in the cab, and resulting in the veering of the car, its plunge down the embankment, the fire which followed, and the ultimate destruction of the truck. The entire loss was one which would be covered by an ordinary policy of fire insurance upon the truck. It necessarily follows that that loss was "damage by fire" within the excluding clause of the policy before us and that the defendant is not liable for it.

There is error; the judgment is set aside and the case remanded with direction to enter judgment for the defendant.

In this opinion the other judges concurred.