EDWARD PRIMROSE *v*. ROBERT RUSSELL

SUPERIOR COURT     FAIRFIELD COUNTY     FILE No. 114165
AT BRIDGEPORT

Memorandum filed October 31, 1961

*Spiegel & Nucera,* of Trumbull, for the plaintiff.

*John L. Collins,* of Hartford, for the defendant.

TROLAND, J. The plaintiff is engaged in the business of raising mink and selling same. The defendant is, and at all times mentioned in the complaint was, engaged in the business of selling feed and related products for feeding, to be used for consumption by mink and other animals.

On or about June 1, 1960, the defendant sold to the plaintiff several tons of "mink feed." The complaint alleges that the plaintiff informed defendant that plaintiff desired said mink feed for the purpose of feed to mink and that defendant orally expressly and impliedly represented and warranted that said mink feed would be fit and suitable for such purposes, and that plaintiff relied on defendant's skill and judgment. Plaintiff further alleges that the mink feed actually contained deleterious and poisonous chemical properties, making it unfit to feed mink, and that when it was used by him to feed his mink it killed many of them.

Defendant has demurred to the first, second and third counts of the complaint on the ground that the cause of action set out therein is based on a sale of animal feed under the Sales Act and that the warranty provisions of the Sales Act then in force (Gen-

eral Statutes §§ 42-11, 42-14) did not include animal feed within their provisions. Specifically, defendant maintains that mink feed is not "goods" within the meaning of the Sales Act. "Goods" is therein defined as follows (§ 42-71) : " '[G]oods' shall include all chattels personal other than things in action and money and the term shall include emblements, industrial growing crops and things attached to or forming part of the land which are agreed to be severed before sale or under the contract of sale."

Defendant maintains that "animal feed" is not "intrinsically chattels personal." Chattels personal were long ago defined as follows : "Chattels *personal* are, properly and strictly speaking, things *moveable;* which may be annexed to or attendant on the person of the owner, and carried about with him from one part of the world to another. Such are animals, household-stuff, money, jewels, corn, garments, and every thing else that can properly be put in motion, and transferred from place to place." 2 Blackstone, Commentaries, p. 387.

The court holds that the several tons of mink feed described in the complaint were "goods" as defined in the Sales Act (General Statutes § 42-71), and as such the proper subject of a sale to which the statutory provisions for warranty may apply. *Judd* v. *H. S. Coe & Co.,* 117 Conn. 510, 512. The cases of *Merrill* v. *Hodson,* 88 Conn. 314, and *Lynch* v. *Hotel Bond Co.,* 117 Conn. 128, which involved the liability of purveyors of food in a restaurant or hotel to patrons thereof, have no application here.

The demurrer is overruled.