Katrina WATTS, Plaintiff–Appellant,

v.

Raymond SECHLER, Defendant–
Respondent.

No. 24937.

Missouri Court of Appeals,
Southern District,
Division Two.

Sept. 8, 2003.

G. Spencer Miller, Gladstone, for Appel-
lant.

Joseph P. Winget, Scott E. Bellm, Tur-
ner, Reid, Duncan, Loomer & Patton, P.C.,
Springfield, for Respondent.

KENNETH W. SHRUM, Judge.

Katrina Watts ("Plaintiff") filed a multi-
ple count suit against Raymond Sechler
("Defendant") claiming that she was dam-
aged when hay bought from Defendant
poisoned her dairy cattle. Before trial, the
court dismissed Count IV of Plaintiff's pe-
tition (based on the *res ipsa loquitur* doc-
trine) because it failed to state a claim for
which relief could be granted. Later, dur-
ing a jury trial and at the conclusion of
Plaintiff's evidence, a verdict was directed
in Defendant's favor. This appeal fol-
lowed. Because a final, appealable judg-
ment does not exist, the appeal must be
dismissed.

The trial court dismissed Count IV (*res
ipsa loquitur*) via a docket entry dated
February 14, 2000. The docket entry
reads, "Motion to dismiss count IV sus-
tained. TBS (Attys present)." From
what we can discern, the TBS initials re-
ferred to the Honorable Theodore B.
Scott, who was then the presiding circuit
judge of the thirtieth judicial circuit (which
includes Polk County). Significantly absent
from this docket entry was any language
that could be read as denominating it a
"judgment" as mandated by Rule 74.01.[1]

The trial started January 8, 2002, with
three counts pending, including Count II
captioned "Breach of Implied Warranty."
At the close of Plaintiff's case, Defendant
moved for a directed verdict. As Defen-
dant's motion was being argued, Plaintiff
announced she was "not intending to pro-
ceed on [her] express warranty theory
[Count I]" or her "negligence theory
[Count III]." This left one count pending,
i.e., the "implied warranty" claim.

1. All rule references are to Supreme Court Rules (2000), unless otherwise indicated.

In arguing for a directed verdict on Count II, Defendant suggested that it was a "common law" claim, specifically a claim for breach of an implied warranty of fitness for consumption by animals. At that point, Plaintiff's lawyers responded as follows:

> "We do believe that all the evidence establishes that we have a viable theory for implied warranty in this case. And I think that the case law that's been cited in part I think that I can show that it's supported in the state of Missouri. Primarily, I'm relying upon the case of *Borman versus O'Donley,* that's found at 364 S.W.2d 31.
>
> . . . .
>
> "So, we're relying upon the *Borman* case. We feel very comfortable about it. We've made a case from the standpoint of the implied warranty of fitness of consumption by animals."[2]

After reading the *Borman* case, the trial judge responded:

> "[A]s I understand the law in this area, the doctrine and the cause of action is a common law cause of action not a statutory cause of action. We're not operating here under the Uniform Commercial Code, implied warranties of merchantability, or implied warranties of fitness for a particular purpose. We're operating under a common law cause of action of warranty of fitness for consumption

which was certainly extended in the *Borman* case to processed animal food...."[3]

The judge's characterization of Plaintiff's theory of recovery was not challenged or questioned by Plaintiff. With the record in that posture, the trial court found that "hay is a raw material ... and no cause of action exists in ... Missouri for a raw material." Accordingly, the court directed a verdict against Plaintiff. The court then entered a judgment that directed a verdict for Defendant on Count I (express warranty), Count II (implied warranty), and Count III (negligence), but never mentioned Count IV (*res ipsa loquitur*).

Plaintiff's appeal followed in which she charged the trial court committed reversible error when it dismissed the *res ipsa loquitur* claim (Count IV) and directed a verdict on the implied warranty claim (Count II).

The right of appeal in a civil case, such as this, is found in section 512.020, as follows:

> "Any party to a suit aggrieved by any judgment of any trial court in any civil cause from which an appeal is not prohibited by the constitution, nor clearly limited in special statutory proceedings, may take his appeal to a court having

---

**2.** In *Midwest Game Co. v. M.F.A. Milling Co.,* 320 S.W.2d 547 (Mo.1959), the Supreme Court of Missouri relied upon two foreign cases, *Judd v. H.S. Coe & Co.,* 117 Conn. 510, 169 A. 270 (1933), and *Larson v. Farmers' Warehouse Co.,* 161 Wash. 640, 297 P. 753 (1931), to expand the common law implied warranty of fitness for consumption to animal feed. *Id.* at 550. The availability of this remedy was reaffirmed in *Albers Milling Co. v. Carney,* 341 S.W.2d 117 (Mo.1960), and *Borman v. O'Donley,* 364 S.W.2d 31 (Mo.App. 1962). An instruction on this theory of recovery was given in *Sanders v. Hartville Milling*

*Co.,* 14 S.W.3d 188, 199 (Mo.App.2000), i.e., Instruction No. 6 patterned after MAI 25.02 (6th ed.).

**3.** The trial judge's mention of remedies provided by the Uniform Commercial Code could have been a reference to section 499.2–315 (*see* MAI 25.03 6th ed., "Breach of Common Law Implied Warranty of Fitness for a Particular Purpose Under Uniform Code"), or section 400.2–314 (*see* MAI 25.08 6th ed., "Breach of Implied Warranty of Merchantability Under Uniform Commercial Code").

appellate jurisdiction from ... any final judgment in the case...." [4]

Unless one of the exceptions set out in section 512.020 attends, "[a] prerequisite to appellate review is that there be a final judgment." *Boley v. Knowles,* 905 S.W.2d 86, 88 (Mo. banc 1995) (citation omitted). When a trial court's order is not a "final judgment," an appellate court is without jurisdiction to review the case, and the appeal must be dismissed. *City of St. Louis v. Hughes,* 950 S.W.2d 850, 852 (Mo. banc 1997). An appellate court must always consider, *sua sponte* if necessary, its jurisdiction, i.e., whether the appeal presented is from a final judgment. *Boley,* at 88[1].

The legislature defined a "judgment" as "the final determination of the right of the parties in an action[,]" § 511.020, and in 1995, the Supreme Court of Missouri amended Rule 74.01(a) for the avowed purpose of clarifying "when a pronouncement or judgment was a final judgment for purposes of appeal." *Hughes,* 950 S.W.2d at 852. Specifically, the relevant part of Rule 74.01(a) provides:

> " 'Judgment' as used in these rules includes a decree and any order from which an appeal lies. A judgment is rendered when entered. A judgment is entered when a writing signed by the judge and denominated 'judgment' or 'decree' is filed. The judgment may be a separate document or included in the docket sheet of the case."

Another relevant part of Rule 74.01 reads:

> "(b) ... When more than one claim for relief is presented in an action ... the court may enter a judgment as to one or more but fewer than all of the claims ... only upon an express determination that there is no just reason for delay."

The Rule 74.01(a) mandate that a trial court "denominate" its final ruling as a "judgment" was not intended to be a mere formality, but as establishing a " 'bright line' test as to when a writing is a judgment." *Hughes,* 950 S.W.2d at 853[2]. The Rule 74.01(b) requirement that a judgment dispose of all claims is based on the belief that "piecemeal appeals are oppressive and costly, and that optimal appellate review is achieved by allowing appeals only after the entire action is resolved in the trial court." *Gateway Directory Publ'g Group, Inc. v. Fischer,* 84 S.W.3d 496, 497 (Mo.App.2002).

Here, the trial court did not designate its order disposing of Count IV as a judgment, did not include Count IV as part of what the judgment disposed, and did not include a "no just reason for delay" finding in the judgment. Since there is no document denominated "judgment" that disposes of Count IV and the "no just reason for delay" finding was not made, a final appealable judgment does not exist. This court, being without authority to hear this case, must dismiss the appeal. *Id.; Logan v. Sho–Me Power Elec. Co-op.,* 83 S.W.3d 109, 111[2] (Mo.App.2002).

Appeal dismissed.

PARRISH, J., and RAHMEYER, C.J.–P.J., concur.

---

4. All statutory references are to RSMo (2000), unless stated otherwise.