## LARKIN N. GATES *vs.* ANDREW A. BINGHAM.

The disability of a person over whom a conservator is appointed in this state, does not follow him when he removes to another state.
A contract made by such a person in another state, being valid and binding in the state where made, is equally so in this state.
And it makes no difference that the person contracting with him in another state knew that he had a conservator in this state.

ASSUMPSIT for the rent of a house, brought to the Court of Common Pleas, and tried to the court, on the general issue with notice, before *Mather, J.* The following facts were found by the court:—

In 1871 Charles M. Pendleton was appointed by the court of probate for the district of Norwich in this state, conservator of the defendant, who was then a resident of the town of Norwich; the court finding that by reason of improvidence and prodigality he had become incapable of managing his affairs. Bingham was at that time twenty-three years of age. Pendleton duly qualified as conservator and has never been removed. In 1872, the defendant, with the consent of his conservator, removed to Wakefield in Massa-

* Judge HOVEY of the Superior Court sat in the place of Judge PARDEE, who did not attend.

chusetts, where he remained about a year, supporting himself while there by his labor, and by money from the income of his property sent to him by his conservator, as the latter supposed it was needed by him. From Wakefield the defendant removed to Worcester in Massachusetts, where he remained until the year 1875, working in a machine shop, and supporting himself by his labor and occasional remittances from his conservator. He then came back to Norwich, where he remained a short time, and then, with the consent of his conservator, returned to Worcester, where he continued to reside, and where he was a voter until October 13th, 1877, when he returned to Norwich, where he has ever since lived. During his second residence in Worcester he was supported by the wages of his labor and remittances from his conservator, sometimes sent directly to him, and sometimes to his step-mother, Ellen F. Bingham, for his benefit, but not for the purpose of her making contracts for him.

When he needed money for board or house rent he wrote to his conservator, who remitted to him or to his step-mother the money which he thought necessary for that purpose, leaving it to him to make his own contracts for board and rent, and all contracts; instructing him, however, not to contract debts, but to support himself from his earnings and income.

The conservator sent him money monthly to pay his house rent, and supposed he paid each month the rent for the preceding month, but did not suppose the rent was paid in advance. In December, 1876, the defendant married in Worcester, and at that time hired of the plaintiff a tenement there, at the rate of fifteen dollars a month, payable at the end of every month, where he resided with his wife till October 13th, 1877.

The defendant paid the rent of this tenement until the 15th of July, 1877, but the rent from that time until October 13th, has never been paid, and for the recovery of it this suit is brought. The tenement was a suitable one for himself and family, and the rent reasonable, and the defen-

dant and his family during the time were not otherwise provided with lodging. His conservator knew that he had hired a tenement of the plaintiff, and sent money to the defendant at times to pay the rent. The plaintiff was informed by the defendant that he had a conservator.

The defendant requested the court to rule that his disability by reason of the appointment of a conservator followed and was attached to his person; and that to render him liable in this suit, the same approval of the contract by the conservator would be required as would have been necessary if he had continued to reside in this state. The court refused so to rule; but ruled that the law of the place where the contract was made should govern, and that the disability of the defendant, by reason of the conservatorship, only continued while he resided within the jurisdiction of this state.

Upon these facts the court rendered judgment for the plaintiff. The defendant brought the record before this court by a motion in error.

*S. Lucas*, for the plaintiff in error.

1. The court of probate having had jurisdiction of the subject matter, and having adjudged the defendant to be an incapable person, and that judgment not having been appealed from, is still in force and binding on all persons dealing with the ward. It was a judgment that determined the *status* of the defendant. *Griswold* v. *Butler*, 3 Conn., 231, 238; *Clark* v. *Whitaker*, 18 id., 549; *Bethlehem* v. *Watertown*, 47 id., 237, and cases cited by counsel and commented on by the court on page 247; *Leonard* v. *Leonard*, 14 Pick., 284; *Parker* v. *Parker*, 11 Cush., 519; *Crippen* v. *Dexter*, 13 Gray, 330.

2. If the contract was one that the courts of Massachusetts would hold to be binding, still, it being against the public policy of this state to allow such an incapable person to make contracts, the courts of this state ought not to sustain suits brought by a non-resident having a full knowledge of all the facts, as the plaintiff had, upon a contract

made with a person adjudged by its courts to be incapable of making it within this state. *Vanbuskirk* v. *Hartford Fire Insurance Co.*, 14 Conn., 586; *Paine* v. *Lester*, 44 id., 196; Story on Confl. Laws, § 106.

*F. T. Brown*, for the defendant in error.

GRANGER, J., (after stating the facts.) There is clearly no error in the charge. The disability under which one is placed, with regard to his power to make contracts, by having a conservator appointed over him, is created wholly by statute, and can have no operation where the statute does not operate. It is a well settled principle that no statute can operate beyond the territorial limits of the state in which it was enacted. While the defendant was residing in the state of Massachusetts he was *sui juris*, and if incapable of managing his own affairs the only mode of securing a legal supervision for him was by proceeding under the laws of that state in the same manner as in the case of any other of its inhabitants. The defendant had in fact become an inhabitant and citizen of that state, and had ceased to be a citizen of Connecticut.

It does not affect the case that the suit is brought in this state. The contract upon which it is brought, being a valid and binding one in the state where it was made, is equally valid and binding in this state.

It can not affect the case that the plaintiff knew that the defendant was under a conservator in Connecticut. Since he was legally free from the control of the conservator in Massachusetts, the fact that he had previously been under a conservator in this state was of no importance.

There is no error in the judgment complained of.

In this opinion the other judges concurred.