HARRISON HEWITT ET AL., TRUSTEES, *vs.* FRANCES J. HICOCK ET ALS.

Third Judicial District, New Haven, January Term, 1921.
WHEELER, C. J., BEACH, GAGER, CURTIS and BURPEE, Js.

A gift by will of residuary estate for life, with remainder over to another, whether made directly or through the medium of a trust, entitles the life tenant to the use or income of the residue from the date of the testator's death.

In the present case the testatrix had not made the right of the life tenant to the income absolute, but had given the residue to trustees to expend such portion of the income as might seem necessary to provide her beneficiaries, a grandnephew and three grandnieces, with comfortable support and to enable each to secure a good education, and, after each became of age, to pay to such beneficiary one quarter of the income whenever he or she appeared to the trustees to be capable of personally managing and applying it, otherwise to expend for his or her personal support or benefit such sum, not exceeding one quarter of said income, as the trustees should deem advisable; any portion of the income unused in any year to become a part of the principal. There was also provision for the division of the income during the continuance of the trust among the surviving issue of the beneficiaries in case any should die leaving no issue, and for the ultimate division of the principal among the issue of such beneficiaries, with a gift over in case there should be no such issue. After the testatrix's death a period of over two years elapsed before the settlement of her estate was

Hewitt *v.* Hicock.

concluded and the trustees qualified and took over the trust estate. Included in the property then taken over was the sum of approximately $15,000, representing income of the trust estate during the settlement. The grandnephew died without issue five days after the trustees qualified, one grandniece was still under age, while the other two grandnieces were of age, and, ever since the testatrix's death, appeared to the trustees to be capable of managing and applying the income provided for them in the will. In a suit by the trustees for advice as to the disposition of the accumulated income, it was *held:—*

1. That such accumulated income could not be considered as "unused" income to be added to the principal until the trustees had had it in their hands and had an opportunity to use it as provided in the will, and hence the trustees should now treat it as income in their hands and deal with it as part of the income of the first fiscal year of the trust.
2. That the share of the deceased grandnephew in the accumulated income should be divided among the surviving beneficiaries as provided in the trust.
3. That the two grandnieces who were of age should each be paid her one third share of the accumulated income, while the remaining one third should be expended in whole or part by the trustees for the support and education of the minor grandniece during the first fiscal year of the trust in accordance with the powers and directions given in the will, any balance unused at the end of such fiscal year to be added to the principal of the trust fund.

Argued January 25th—decided April 5th, 1921.

SUIT to determine the construction of the will of Ann F. Stiles of Southbury, deceased, brought to and reserved by the Superior Court in New Haven County, *Webb, J.*, upon an agreed statement of facts, for the advice of this court.

Ann F. Stiles of Southbury died in February, 1918, leaving a will in which, after several specific legacies, she left the residue of her estate to the plaintiffs in trust. Somewhat abbreviated, the material provisions of the trust are as follows: (h) Out of the remainder of said net income to expend such sum or sums as shall, in the discretion of said trustees, seem necessary to provide a comfortable support for my grandnephew, Charles Stiles Hicock, and my said grandnieces, Frances

J. Hicock, Esther A. Hicock and Avis French Hicock, and to expend such sum or sums as my said trustees shall deem advisable to enable each of them to secure a good education. (i) Whenever each of said Charles, Frances, Esther and Avis shall become twenty-one years of age, if he or she shall appear to my said trustees to be capable of personally managing and applying the income herein provided for, in such case to pay such beneficiary one quarter of said remainder of the net income; and, if either or any of them shall not appear to my trustees to be so capable, then to expend for the personal support or benefit of such beneficiary such sum, not exceeding said one quarter of said income, as my trustees shall deem advisable. (j) If any of said beneficiaries shall die leaving no issue, then the income provided for him or her shall be divided among the survivors or their issue during the continuance of the trust, and the principal thereof shall ultimately be divided among the issue of the remaining benefiaries surviving at the time of the division, *per stirpes.* (l) Any portion of the income unused in any year shall become a part of the principal.

For some reason the estate of Ann F. Stiles was not settled until May, 1920, and the trustees did not qualify until May 17th, 1920. In consequence of this delay, there was included in the property turned over to the trustees after their qualification the sum of approximately $15,000, representing income of the trust estate during the settlement. The questions concerning which our advice is asked relate to the disposition which the trustees should make of this accumulated interest, which will hereafter be spoken of as the "fund." The grandnieces and the administrator of Charles Stiles Hicock, who died without issue in May, 1920, claimed that the fund should be treated as income, and divided accordingly. The guardian *ad litem* of the minor children of

Raymond French and Eleanor Nutley Stiles—representing possible remaindermen who, under section (k) of the will, would be entitled to the principal in case all of the grandnieces and the grandnephew should die without issue—claim that the fund is "income unused in any year" and should be added to the principal.

*Harrison Hewitt* and *George D. Watrous, Jr.,* for the plaintiffs.

*George R. Sturges,* for Ruth Judson Stiles.

*Matthew A. Reynolds,* for Frances J. Hicock *et al.*

*Livingston W. Cleaveland,* for David Stiles.

BEACH, J.   It is well settled that a bequest of residuary estate for life, with remainder over and no time fixed for the commencement of the life use, entitles the life tenant to the use or income of the residue from the death of the testator. *Bishop* v. *Bishop,* 81 Conn. 509, 525, 71 Atl. 583; *Bartlett* v. *Slater,* 53 Conn. 102, 22 Atl. 678; *Lawrence* v. *Security Co.,* 56 Conn. 432, 439, 15 Atl. 406.

So when the testator's intention of giving the income to one beneficiary or several beneficiaries for life, and the principal to remaindermen, is carried into effect by the creation of a trust for such purpose, the same rule applies. *Webb* v. *Lines,* 77 Conn. 51, 54, 58 Atl. 227; *Bancroft* v. *Security Co.,* 74 Conn. 218, 50 Atl. 735.

In the cases cited, the right of the life tenant to receive the income from the trustees was absolute.   In this case it is not.   During the minority of any beneficiary the trustees are to expend such portion of the income as may seem necessary to provide such beneficiary with a comfortable support and to enable him

or her to secure a good education. After any beneficiary becomes of age, he or she is not entitled to receive his or her share of the income absolutely, unless it appears to the trustees that such beneficiary is capable of managing and applying it. And any portion of the income not used in any year is to become a part of the principal.

The claim made on behalf of the possible remaindermen is that in consequence of these conditions in the will, and because the trustees did not qualify until May 17th, 1920, all of the interest accrued up to that date had become "income unused in any year" and must be added to principal.

With this contention we do not agree. Section (1) of Article IX of the will is one of the terms of the trust, and as such it evidently refers to income not used by the trustees in any year. Taken with other terms of the trust, it implies that the trustees have had income in their hands and have exercised a discretion not to use it during the fiscal year. The trustees must first have had an opportunity to use it before it can be said to be "unused" within the meaning of the instrument creating the trust.

The cases cited, and the manifest intention of the testatrix, require us to hold that the fund in question had not lost its character as income when it came into the hands of the trustees in 1920, and it follows that it cannot be said to be income unused in any year until the trustees have had an opportunity to use it and have not done so within the year. On this branch of the case our conclusion is that the trustees are required to treat the fund as income in their hands, and to deal with it as part of the income of the first fiscal year of the trust.

Inasmuch as Charles Stiles Hicock died without issue May 22d, 1920, and there is no finding that at any time

before his death he appeared to the trustees to be capable of managing and applying his share of the income, the condition precedent upon which his absolute right to receive a share of the income depended had not happened. It does not appear whether the trustees had any funds in their hands before Charles' death. If they had, it does not appear that they had formed any opinion as to his capacity to manage and apply income. Therefore their only power and duty toward Charles was to expend "for his personal support or benefit" such portion of the income, not exceeding one fourth, as they might deem advisable. This they did not do during his lifetime, and we are of opinion that upon his death without issue the trustees are required to divide his share of the accumulated income among the surviving beneficiaries as provided by section (j).

The defendant Avis French Hicock is not yet of age, and is not entitled as of right to any part of the fund. The claim made on her behalf is that under section (h) the trustees have power to expend the whole or any part of her share of the income for her support and education. This they have the right to do, and it follows from our ruling that they have the right to deal in the same way with the accumulated income. It is said that the trustees cannot exercise any discretion, *ex post facto*, and cannot expend anything for the support and education of the infant during the interval between the death of the testatrix and the receipt of the fund. That is true, for nothing now expended can affect the past comfort, support or education of the infant. The trustees must deal with the conditions existing when they were appointed, including, of course, any condition which may have had its cause in the past. We are further of opinion that the trustees themselves must expend such sums as they deem necessary for the support and education of the infant

during her minority, and that her guardian is not entitled to receive and expend them.

The defendants Frances J. and Esther A. Hicock are of age, and it is found that they have ever since the death of the testatrix appeared to the trustees to be capable of managing and applying the income provided for them in the will. These conditions having been satisfied, the trustees are bound to pay to each her proportionate share of the fund.

The Superior Court is advised that the trustees should be directed to pay over one third of the income of the trust fund which accrued during the settlement of the estate to Frances J. Hicock; one third to Esther A. Hicock; and out of the remaining one third to expend such sum or sums as shall in their discretion seem necessary to provide for the comfortable support of Avis French Hicock, during the first fiscal year of the trust, and to enable her during such fiscal year to obtain a good education; and in case any balance of accumulated income remains unused at the end of the first fiscal year of the trust, to add such balance to the principal of the trust fund.

No costs will be taxed in this court.

In this opinion the other judges concurred.