THE BRIDGEPORT-CITY TRUST COMPANY, EXECUTOR AND TRUSTEE (ESTATE OF MARGARET A. BEACH) *vs.* HELEN B. BEACH ET ALS.

MALTBIE, C. J., HAINES, HINMAN, BANKS and AVERY, Js.

132

Argued June 6th—decided July 27th, 1934.

*Frederick C. Beach,* for Alfred B. Beach *et als.*

*John P. Flanagan,* with whom was *David Gold-stein,* for Helen B. Beach.

*Arthur M. Comley,* with whom, on the brief, was *William Reeves,* for Stanley Y. Beach.

*Joseph H. Sand,* of New York, *pro se,* with whom, on the brief, was *John M. Comley.*

HINMAN, J. The stipulated facts include the following: On September 23d, 1921, Margaret A. Beach of Stratford executed a will by which she gave to each of her grandchildren surviving her $1000, to Helen B. Beach, wife of her son Stanley Y. Beach, $5000, and to Ethel Beach Wales, her daughter, the homestead property; then, in Paragraph Fifth, she directed that all the rest, residue, and remainder of her property be divided into equal parts, one of which she gave (a) to her daughter, Ethel Beach Wales, absolutely; (b) "The other one of said parts I give, devise and bequeath to The Bridgeport Trust Company of Bridgeport, Connecticut, in trust nevertheless, for the following uses and purposes, to wit: To invest and reinvest, with full power of purchase and sale for such investment and reinvestment and to pay over the net income therefrom to my son, Stanley Y. Beach, in weekly installments as nearly equal as possible. I further authorize the said The Bridgeport Trust Company to withhold from the said Stanley Y. Beach any or all of the said income, should it not be necessary for his comfortable support and maintenance or should it appear that the said net income is not being used for his comfortable support and maintenance. I further authorize the said The Bridgeport Trust Company, if it shall be necessary for the comfortable support and maintenance of my said son, to use such portion of the principal as may be necessary. My desire

is that my said son shall at all times have a sufficient amount of money from my estate to insure his comfortable support and maintenance, but that the money shall be held for that purpose and not for any other. At the death of my said son, I direct that the principal sum that may remain at that time be paid to the children of the said Stanley Y. Beach and Helen B. Beach, his wife, and to the said Helen B. Beach share and share alike. If any of the said children shall have died, leaving children, the share of such deceased children shall go to his children. If any such children of the said Stanley Y. Beach and Helen B. Beach shall have died without leaving children, the share of such child shall be given to the survivor or survivors of the children of the said Stanley Y. Beach and Helen B. Beach, his wife." At the time the will was executed Stanley Y. Beach was married to Helen B. Beach, but she divorced him on June 1st, 1928. Frederick, Alfred, and Margaret Beach are their children. On June 4th, 1928, Stanley Y. Beach married a second wife with whom he is now living and whom by law he is obligated to support. On August 8th, 1928, Margaret A. Beach executed a codicil to her will declaring an intention that the $1000 given in the will to each of her grandchildren "shall be given to each of my grandchildren who are, or may be, the issue of the marriages of James A. Wales and Ethel B. Wales, on the one part, and of Stanley Y. Beach and Helen B. Beach, on the other part." On September 3d, 1925, upon the petition of the testatrix, the First National Bank and Trust Company of Bridgeport was appointed conservator of the estate of Stanley Y. Beach, qualified as such and has not been discharged. See *Beach* v. *First National Bank,* 107 Conn. 1, 138 Atl. 905.

Margaret A. Beach died on December 18th, 1932, the will and codicil were admitted to probate, and the

plaintiff Trust Company as executor has since adminis-
tered the affairs of the estate and has accumulated
certain funds as income under the trust set forth in
section (b) of Paragraph Fifth of the will, which upon
the settlement of the estate will be turned over to it
as the trustee under the will. No payments have been
made under this trust to Stanley Y. Beach or to any
party, having been withheld pending interpretation
of the provisions of the will governing the trust. Stan-
ley Y. Beach is now domiciled and is residing in New
York City and was and had been on the date of the
execution of the codicil. He is not employed and
receives nothing by way of salary or wages but is a
beneficiary under two other trusts, one under the will
of an aunt, the other an *inter vivos* trust established
for him by his father, and is receiving income from
the latter trust. On May 12th, 1933, Stanley Y. Beach
executed in New York an assignment to Joseph H.
Sand in the sum of $7500, for legal services rendered
in New York, in which he authorized the plaintiff to
pay over the income upon the trust here in question
until that sum should be fully paid.

The questions reserved will be stated in connection
with the discussion of each, respectively.

(1) "Whether payments under this trust shall be
made to the First National Bank and Trust Company
as conservator, or to Stanley Y. Beach?" The direc-
tion in the will that the income be paid over to the
beneficiary, Stanley Y. Beach, as modified by the
authorization to the trustee to withhold so much of
it as is not necessary for the support and maintenance
of the beneficiary, is virtually the equivalent of a
direction to pay over only such portion of the income
as the trustee deems to be necessary for the declared
purpose, and is somewhat analogous to the situation
in *Hewitt* v. *Hicock,* 96 Conn. 176, 113 Atl. 172, in

which it was held (p. 181) that the trustees, instead of the guardian of an infant, should expend such sums as they deemed necessary for her support and education. There is also force in the suggestion that as discretion as to the amount of payments is reposed in the trustee, payment through a conservator would be a useless formality. Be that as it may, as Stanley Y. Beach is now and long has been domiciled in New York, he is *sui juris* there and "if incapable of managing his own affairs the only mode of securing a legal supervision for him was by proceeding under the laws of that State in the same manner as in the case of any other of its inhabitants." *Gates* v. *Bingham,* 49 Conn. 275, 278. Such right as he has to receive the income has its *situs* at the place of his residence. *Beach* v. *First National Bank, supra,* p. 4. At least so long as he is free of conservatorship at his domicil, payments may be made directly to him.

(2) "Whether the entire income from the trust for Stanley Y. Beach shall be paid, or whether the trustee shall use its discretion as to the amounts it shall pay?" If it stood alone, the testamentary direction to "pay over the net income . . . in weekly installments as nearly equal as possible" would require payment of the entire income. Clearly, however, there must be considered with it the succeeding provisions authorizing the trustee "to withhold from the said Stanley Y. Beach any or all the said income, should it not be necessary for his comfortable support and maintenance or should it appear that the said net income is not being used for his comfortable support and maintenance," and "if it shall be necessary for the comfortable support and maintenance of my said son, to use such portion of the principal as may be necessary;" also the expressed desire "that my said son shall at all times have a sufficient amount of money from my

estate to insure his comfortable support and mainte-
nance, but that the money shall be held for that pur-
pose and not for any other." Taken together these
provisions, as already stated, amount to a direction
that the trustee shall pay to him so much, and only so
much, of the income as it finds to be necessary for
the specified purposes, and shall not so pay over the
entire income unless it finds all of it to be necessary
for those purposes. *Cromwell* v. *Converse,* 108 Conn.
412, 415, 143 Atl. 416. The reason and justification
for these restrictions upon the allowances to be made
to the beneficiary are sufficiently indicated by un-
avoidable inferences from the ultimate appointment
of a conservator for him, at the behest of the testatrix
herself, and the chronic speculative and improvident
tendencies and state of financial embarrassment dis-
closed in that proceeding. *Beach* v. *First National
Bank, supra,* p. 7. The intention, plainly, is to insure
him comfortable and suitable support to the extent
of the entire income, if necessary, and if that should
prove insufficient, by withdrawals from principal, but
at the same time to guard against use of any of the
fund or its income for any other than the purposes
specifically designated. It follows that the trustee
should determine, by a continuing exercise of its dis-
cretion, the amount required for those purposes, only,
and pay the amount so determined, whether it be the
entire income or less, as the case may be.

(3) "Whether the trustee shall make payments
under this trust regardless of income or money that
Stanley Y. Beach receives from money other than this
trust?" The paramount intent of the testatrix in
making testamentary provision for her son, as well as
in the conservatorship proceedings which she later
instituted, was to protect him, as far as possible, from
the consequences of habits of improvident speculation

and wasteful expenditures. The trust established for him by his father, from which he now receives income, was created long before her will was made and she must have been cognizant of it. Her purpose would be defeated if he were to receive his entire support from the trust which she provided, leaving him at liberty to improvidently disperse the income received from other sources. Moreover, the amount he is entitled to receive from this trust is limited to that which is "necessary for his comfortable support." This imports an actual need, a situation in which the contribution prescribed is required in order that such support may be obtained. If he had other income adequate to that end, no such contribution would be necessary; if such other income is only partially sufficient, the need which the trust contemplates is only such amount as will supply the deficiency. *Hull* v. *Holloway,* 58 Conn. 210, 217, 20 Atl. 445. The payments are to be proportionate to the extent of the necessity. *Hull* v. *Culver,* 34 Conn. 403. In determining the amounts of the successive payments, the trustee should consider and reasonably take into account the income of the beneficiary from other sources.

(4) "Whether the trustee in exercising its discretion as to payments to be made under this trust shall consider that Stanley Y. Beach is living with and supporting his wife?" When the will was made, Stanley Y. Beach was married to Helen B. Beach, and as they were not divorced until seven years afterward it is to be assumed that he was living with her and their children and under both a legal and a moral obligation to support them. The relatively small specific bequests to them cannot be construed fairly as having any effect upon the situation as to their support. Had the family situation remained the same when the will took effect there could be no debatable question that

the provision for support was intended to include the wife and children. After the divorce and the remarriage of Beach the testatrix made a codicil by which she limited her bequests to grandchildren to issue of his marriage to his first wife, Helen B. Beach. If she entertained an intent also to exclude the second wife, and children by that marriage, if any, from the provision for support made in the original will she could have as easily and clearly evidenced such intent as she did that to limit the specific bequests. The needs of a married man pertaining to support and maintenance may fairly be construed as including those of his family. In the absence of indication to the contrary, it is hardly to be deemed probable that a testator who provides for the support of a son intends at the same time to let his wife or children suffer for the necessities of life. *Eaton* v. *Eaton*, 81 N. H. 275, 125 Atl. 433; *Rhode Island Hospital Trust Co.* v. *Egan*, 52 R. I. 384, 161 Atl. 124; *Gardner* v. *O'Loughlin*, 76 N. H. 481, 84 Atl. 935. The trustee should consider the fact that Beach is living with and supporting a wife.

(5) "Whether the trustee shall accumulate with the principal trust fund the part of the net income, if any, which it withholds, or whether this income shall accumulate in a separate fund and become part of the estate of Stanley Y. Beach?" The intent disclosed by the will and the scheme of the testator as therein indicated determines whether there shall be accumulation of excess income. *New Haven Bank* v. *Hubinger*, 117 Conn. 417, 423, 167 Atl. 914, and cases cited. These considerations are equally significant as to the manner in which accumulation, if contemplated, shall be made. The question correctly assumes that accumulation is called for, the inquiry being whether it shall be added to the principal of the trust or so accumulated in a separate fund that upon the death of Stanley Y. Beach

it will become part of his estate. The clearly mani-
fested scheme of this will is that Stanley shall in no
way receive anything under the trust except such sums
as the trustee finds to be necessary for his support.
It can pay the income to him or give him the benefit
of it only to the extent that the necessities of his sup-
port require. *Demeritt* v. *Young,* 72 N. H. 202, 55 Atl.
1047. No title in the income passes to him unless and
until it is appropriated to him by the trustee, and then
only to the amount determined by it. *Cromwell* v.
*Converse, supra,* p. 431; *Carter* v. *Brownell,* 95 Conn.
216, 222, 111 Atl. 182. The discretionary power to
withhold so much of the income as is not required for
the specified purposes contemplates that there may be
excess income, not appropriated to the beneficiary. It
is equally plain that the testatrix intended that all
that remained in the trust at the death of Stanley
should pass to the designated residuary legatees, and
that there should be no distribution until his death.
Also, as this is indubitably a spendthrift trust, any con-
struction which would expose unexpended income to
creditors of Stanley, either now or upon his decease,
would be foreign to the intent and plan of the will,
as would also a construction which would pass it, as
part of his estate, to parties other than the designated
recipients of the testatrix's bounty—the remainder-
men. Withheld income should be accumulated with the
principal fund.

(6) "Whether it is incumbent upon Stanley Y.
Beach to show to the trustee, when it demands, that
he is using the money paid under this trust for his
comfortable support and maintenance?" As to this
it suffices to say that it is incumbent upon Beach to
give to the trustee such information as it may reason-
ably require in the process of exercising the discretion
as to the amounts to be paid and withheld, which in-

cludes reasonable steps to ascertain the amount required to satisfy his necessities, and that the sums paid are being used for the stipulated purposes. *Hull v. Holloway,* 58 Conn. 210, 217, 20 Atl. 445.

(7) "Whether the trustee shall make any payments to Joseph H. Sand under the assignment set forth in the stipulated facts?" (8) "Whether the income and or principal or any part thereof may be assigned by Stanley Y. Beach or order made thereon by him, and whether the income and or principal or any part thereof is subject to attachment, garnishment or execution for any claims against Stanley Y. Beach arising either out of debts contracted for his comfortable support and maintenance or out of debts of any other nature?" As the income is expressly given for the support of the beneficiary, and there is express authorization to the trustee to withhold income, this is clearly a spendthrift trust, within the provisions of § 5723 of the General Statutes, and the income is not liable to attachment or execution by creditors of the beneficiary, and may not be alienated or assigned by him. *Cromwell* v. *Converse, supra,* p. 425; *Foley* v. *Hastings,* 107 Conn. 9, 16, 139 Atl. 305; *Carter* v. *Brownell,* 95 Conn. 216, 111 Atl. 182. The defendant Sand virtually concedes that the assignment to him is ineffective as such, but suggests that it be regarded as an order or contract, *in futuro,* to pay the debt out of accumulated income. This is disposed of adversely by our holding, under question five, that Stanley has no rights in that accumulation. The further suggestion that Sand is entitled to claim an attorney's lien on the income, for services in connection with his client's interest in the trust, is outside of the scope of the reserved questions; also, the stipulated facts do not show that his services were of that nature.

(9) "Whether the trustee shall pay all or any part of the net income that has accumulated during the settlement of the estate, to the First National Bank and Trust Company as conservator, or to Stanley Y. Beach, or to Joseph H. Sand under said assignment, or whether it shall become part of the principal of said trust fund?" The trustee has the right and duty to deal with income accumulated during the settlement of the estate in the same way as with current income, but in view of present conditions and circumstances, "including, of course, any condition which may have had its cause in the past." *Hewitt* v. *Hicock,* 96 Conn. 176, 181, 113 Atl. 172. Therefore if the trustee finds that the accumulated income, or any part of it, is required for the support of Stanley Y. Beach it may pay it over to him for that purpose.

Summary answers to the questions are: (1) To Stanley Y. Beach. (2) The trustee should use its discretion as to the amounts it shall pay. (3) No. (4) Yes. (5) Withheld income should be accumulated with the principal. (6) Yes, to the extent above indicated. (7) No. (8) No. (9) The trustee may pay to Stanley Y. Beach so much of income, accumulated during settlement of the estate, as it finds necessary for his support.

No costs will be taxed in this court.

In this opinion BANKS and AVERY, Js., concurred.

MALTBIE, C. J. (dissenting in part). I cannot agree to the answer given in the majority opinion to the fifth question. The paragraph of the will we are considering begins with a provision which, except for the limitations later made, would vest in Stanley Y. Beach the right to receive all the income of the trust fund

during his life. This is followed by the authority to
the trustee to withhold income should it not be neces-
sary for his comfortable support and maintenance or
should it appear that it was not being used for that
purpose, and to use such part of the principal as might
be necessary for that purpose, with an expression of
the desire of the testatrix that he should at all times
have a sufficient amount of money from her estate
to insure his support and maintenance. Then comes
the gift at his death of "the principal sum that may
remain at that time." It seems to me that these pro-
visions show the intention of the testatrix to be that
the right to the income should vest in Stanley Y. Beach
at her death, subject only to the authority of the
trustee to withhold it during his life. That would
mean that any income not used for his support and
maintenance would, unless otherwise disposed of by
him during his life, pass at his death to his estate.
He could make no disposition of the right to the in-
come which would be effective during his life and
which would not be subject to the right of the trustee
to use any income in its hands for him so long as he
did live. Such a construction of the will would in no
way interfere with the very evident desire of the
testatrix to protect him against his own improvidence
and to secure him comfortable support as long as he
lived. It would require that the trustee should accu-
mulate any surplus income as a separate fund, apart
from the principal. *Hall's Estate*, 248 Pa. St. 218,
93 Atl. 944; *Moore* v. *Sinnott*, 117 Ga. 1010, 44 S. E.
810; note, 2 A. L. R. 858.

The assignment to Joseph H. Sand is of all sums of
money which had accrued prior to its date, with a
direction to the trustee to pay him future income when
it might accrue should it be necessary to discharge
Stanley Y. Beach's indebtedness to him. I agree with

the majority opinion that this assignment cannot be given effect, at least before the death of Stanley Y. Beach. It follows, however, from the construction I place upon the will, that Stanley Y. Beach might have the power to assign the right to unused income vested in him, such assignment to be effective at his death. Moreover, if it should appear that there was a clear surplus of income beyond that which was needed or might be needed for the comfortable support and maintenance of Stanley Y. Beach, it might be that under the provisions of § 5723 of the General Statutes any creditor could bring an action in which the court might order the trustee to pay him the debt owed him by Stanley Y. Beach out of the surplus. *Congress Hotel Co.* v. *Martin,* 312 Ill. 318, 143 N. E. 838, and note, 33 A. L. R. 565. Any action of the court would, however, necessarily be based upon the finding not only that there was at the time the action came to trial income not needed for Stanley Y. Beach's comfortable support and maintenance, but that in all reasonable probability accumulated income in its hands would not in the future be needed for that purpose. *Wordin's Appeal,* 64 Conn. 40, 51, 29 Atl. 238; *Colonial Trust Co.* v. *Brown,* 105 Conn. 261, 284, 135 Atl. 555. Except in the respects I have stated I concur in the majority opinion.

HAINES, J. (dissenting in part). The only respect in which I cannot concur in the majority opinion, is in the conclusion reached upon the fourth question submitted to us, viz.: "Whether the trustee in exercising its discretion as to payments to be made under this trust shall consider that Stanley Y. Beach is living with and supporting his wife?" The affirmative answer made by the opinion is expressed in the thought that the needs of a married man for his sup-

port and maintenance "may fairly be construed as including those of his family." The validity of that view is dependent upon circumstances. The only legitimate conclusion which we are permitted to draw in the present case, is one to be found in the intent of the testatrix herself, quite independent of any view of our own as to what is "fair," and this must be obtained from the language of her will, interpreted in the light of the circumstances known to her. The language of this testatrix seems to me incapable of any other interpretation than that it was her son and only her son, for whom she desired to supply maintenance and support. If it was her intention also to furnish maintenance and support to his family or to anyone else who had a legal claim upon him therefor, she could, and naturally would, have said so. On the contrary, her language specifically limits the use of this trust fund to his own comfortable support and maintenance and, with the apparent purpose of removing any possible doubt, she adds: "My desire is that my said son shall at all time have a sufficient amount of money from my estate to insure his comfortable support and maintenance, but that the money shall be held for that purpose and not for any other." It is difficult to see how her purpose could have been more clearly expressed, and the agreed facts, known to her, as I read them, lend support to the same thought.

The fact that the beneficiary is living with his own family is necessarily one of the circumstances to be taken account of, just as all other circumstances in which he may be placed must be considered, but only as these circumstances affect the question of his own needs of support and maintenance. To hold that one or more persons beside the beneficiary himself may

be maintained and supported out of the income of this trust fund, seems to me to violate the explicit language of the testatrix and her clearly expressed intent.