HARRIET E. A. REILLY, TRUSTEE (ESTATE OF FRANCIS A. COUGHLIN) *vs.* STATE OF CONNECTICUT.

MALTBIE, C. J., HAINES, BANKS, AVERY and INGLIS, Js.

Argued January 3d—decided March 5th, 1935.

*Henry E. Shannon,* for the plaintiff in error.

*H. Roger Jones,* Assistant Attorney-General, with whom was *Ernest L. Averill,* Deputy Attorney-General, and, on the brief, *Warren B. Burrows,* Attorney-General, for the defendant in error.

BANKS, J. The State brought an action against the plaintiff in error as trustee of the estate of Francis A. Coughlin to recover for moneys expended for his support in the Connecticut State Hospital. The defendant in that action (plaintiff in error) suffered a default and the court rendered judgment in favor of the State. A plea in abatement to this writ of error seeking a reversal of this judgment was filed by the State upon the ground, among others, that the plaintiff in error, having made default of appearance in the original action, could not now prosecute this writ. We held that the plaintiff in error, notwithstanding her default, had the right to present her claim that the judgment was erroneous, and that, as the case stood upon the record, the fact that the judgment was rendered upon a default of appearance by the plaintiff in error was not a sufficient ground to abate the writ. *Reilly* v. *State.* 119 Conn. 217, 175 Atl. 582. The cause is now

before us upon the claim of the plaintiff in error that the complaint in the original action states no cause of action against her, and that the court therefore erred and mistook the law in awarding judgment in favor of the defendant in error.

The complaint contains the following allegations: Since April 11th, 1914, Francis A. Coughlin has been legally confined in the Connecticut State Hospital, and has been without funds or property to pay for his support there. From that date to April 30th, 1921, William Anderson made contributions for his support. Thereafter the city of Bridgeport made contributions for his support as a pauper, at the rate provided by statute. Since April 11th, 1914, the State has been put to expense for his support in the amount of $2811.17. Since 1921 Anderson has died leaving a will in which he bequeathed $3500 to the plaintiff in error in trust for Coughlin during his life. The will provided that "Said trustee may in her discretion expend or appropriate any or all of the income or principal of said Thirty five hundred (3500) Dollars for the comfortable support of said Francis A. Coughlin. Said trustee is hereby authorized and empowered to pay over any part of said sum unexpended at any time said Francis A. Coughlin may recover his health, to said Francis A. Coughlin, and whatever of said sum of Thirty five Hundred (3500) Dollars that may remain unexpended at the decease of said Francis A. Coughlin, I give and bequeath to" certain legatees. The plaintiff in error, although she was required by law to provide support for Coughlin and had agreed to pay the State for his support at the hospital, has failed to do so.

The plaintiff in error contends that upon these facts she could not be held liable to the State for the support of her cestui que trust since it appears that the Anderson will created an equitable estate for the ben-

efit of Coughlin which was inalienable by him and beyond the reach of his creditors. Our statute provides that when property is given to trustees to pay over the income to any person such income shall be liable in equity to the claims of the creditors of such person when there was in the trust so created (1) no provision for the accumulation of the income, (2) no express authorization given to the trustees to withhold such income, and (3) the income is not expressly given for the support of the beneficiary or his family. General Statutes, § 5723. In this will there is an express provision that the trust is for the comfortable support of the beneficiary, and the expenditure or appropriation of any of the income or principal for such support is left entirely in the discretion of the trustee, with no provision for the payment of either directly to the beneficiary except in the event of his recovery. This clearly created a spendthrift trust, and neither principal nor income of the trust is liable to attachment or execution by creditors of the beneficiary, and they may not be alienated or assigned by him. *Foley* v. *Hastings,* 107 Conn. 9, 16, 139 Atl. 305; *Cromwell* v. *Converse,* 108 Conn. 412, 425, 143 Atl. 416; *Bridgeport-City Trust Co.* v. *Beach,* 119 Conn. 131, 141, 174 Atl. 308.

Section 1747 of the General Statutes provides that when the State has paid any sums for the support of a person in a humane institution, such person or his estate shall be liable to reimburse the State for the amount so expended. In *State* v. *Romme,* 93 Conn. 571, 107 Atl. 519, we said that the State, in making expenditures for the support of an insane person committed to such an institution, entered into no contract relation with him but acted in the performance of a governmental duty, and that the estate of such person was directly benefited by such contribution, and was primarily chargeable for his care and support. Grant-

ing the contention of the State that it is not a contract creditor of Coughlin and that his property or estate is chargeable for the expense of his support furnished by the State, it does not necessarily follow that, upon the allegations in its complaint, the State was entitled to recover from the plaintiff in error the amount it expended for the care of Coughlin from the time that he was committed to the State Hospital. The statute imposes liability for such expenditures upon Coughlin or his estate. Coughlin is not a party to the action, and has no estate which is subject to be taken in satisfaction of his obligations whether contractual or resulting from a liability imposed by statute. In the case of the typical spendthrift trust under which the beneficiary receives only such sums as the trustee finds to be necessary for his support, we have held that no title in the income passes to him unless and until it is appropriated to him by the trustee, and then only to the amount determined by the trustee. *Bridgeport-City Trust Co.* v. *Beach,* supra, p. 140. The Anderson will does not authorize the trustee to pay to Coughlin any sum whatever during the continuance of the trust, but does authorize her to expend or appropriate any or all of the income or principal of the trust fund for his comfortable support.

The State alleges in its complaint that the trustee has agreed to pay it for Coughlin's support in the State Hospital, and contends that this is, in effect, an allegation of a determination by her of the amount to be appropriated for his support, and this amounts to an actual appropriation of such amount within the terms of the will. With regard to this contention it is to be noted that the will does not authorize or empower the trustee to expend any sum to satisfy any obligation incurred by Coughlin prior to the establishment of the trust. The only reasonable construction

of the provision of the will establishing the trust is that it contemplates an expenditure for the comfortable support of Coughlin during the existence of the trust. It does not empower the trustee to pay a debt previously incurred by Coughlin even though such debt be owed to the State for his care at a state institution. The obvious intent of the testator was to provide for the future support of Coughlin. Since this is so, the trustee would not be empowered to appropriate any portion of the trust fund to the payment of obligations incurred for the support of Coughlin prior to the death of the testator. Her promise to do so would be one that it was beyond her power to make, and, indeed, the complaint does not allege that she did agree to pay for any support furnished during the testator's lifetime. The allegation in the complaint that the trustee agreed to pay the State for Coughlin's support in the hospital is to be construed as an agreement to pay for his support during the existence of the trust in accordance with the provisions of the will.

The complaint does not contain an allegation of the date of Anderson's death, though it is stated in the brief of the plaintiff in error to have occurred on January 13th, 1929. The complaint alleges that the State has made disbursements for Coughlin's support since April 11th, 1914, the date of his commitment to the hospital, in the sum of $2811.17, for which amount the court gave judgment in favor of the State. Since the judgment included expenditures made for Coughlin's support prior to the date of Anderson's death and the establishment of the trust, it must be held to be erroneous.

There is error, the judgment of the Superior Court is set aside and the cause remanded to be proceeded with according to law.

In this opinion the other judges concurred.