Under its complaint the state is seeking to recover from the estate of William H. Sweet $1878.03 for his care and support in the Connecticut Hospital for the Insane at Norwich from October 6, 1932, until his death on August 7, 1945. The complaint is admittedly based upon § 1747 of the General Statutes, which has recently been amended in respects not material to the question herein presented. See §§ 676c, 679c, 250f and 369g of the Cumulative Supplement of 1935 and the Supplements of 1941 and 1943. Insofar as the state is concerned, the statute provides that when any sum shall have been paid by the state for the support of any person in a *Page 34 
humane institution he or his estate shall be liable to reimburse the state for the amount so expended for his support or benefit. See General Hospital Society v. New Haven County,127 Conn. 53, 58.
So far as is material to the testing of the sufficiency of the interposed demurrer, the complaint alleges the following matters: the defendant is the executor upon the estate of the deceased; on October 5, 1932, the deceased was committed to the New London county jail by the City Court of Norwich to stand trial in the Superior Court on a binding over process; on the following day physicians appointed by a judge of the Superior Court certified that the deceased was insane and "it was ordered by said Judge [that the deceased] be transferred to the Connecticut Hospital for the Insane at Norwich for confinement, support and treatment until the time of his trial;" under the aforesaid order the deceased remained as a patient at the hospital from October 6, 1932, until his death on August 7, 1945; prior to instituting this action the state presented a claim for the money in question to the defendant executor, who disallowed the claim.
The defendant demurs "because it appears in said complaint that the deceased was committed, by a Judge of the Superior Court in and for New London County, to the hospital for the insane, to be held there pending trial, and, by reason of said confinement, the deceased became a ward of the State, and no claim for support could be made against him or his estate until final disposition of the case, in which he was presented in court, and because any care and support of the deceased, while so confined, became a part of the costs in the case pending in said Superior Court and should have been taxed as part of the costs in said case, and because it is not alleged and does not appear that any costs have been taxed in said case."
It is apparent from the complaint that in ordering the deceased on October 6, 1932, to be hospitalized "until the time of his trial" the judge of the Superior Court was acting pursuant to the provisions of § 6431 of the General Statutes as amended in 1931 (§ 1722c, Cum. Sup. 1935). The last sentence of the amendment reads: "The expense of such examination shall be taxed as a part of the costs in the prosecution against such person and paid in the same manner as costs in criminal prosecutions in the superior court." *Page 35 
It is made to appear that the deceased was never in fact prosecuted in the Superior Court and therefore was not convicted of any offense growing out of his initial confinement in the county jail. In short he never stood trial. The statute referred to in the preceding paragraph is part of chapter 333, entitled "Jurisdiction and Powers of Courts." There is nothing in this chapter which sanctions the position of the state under its complaint. The defendant in his demurrer and in argument thereon emphasizes this aspect.
In resisting the demurrer the state argues that § 1747 was designed to confer upon it the kind of action in question. This statute is part of chapter 88, entitled "Humane and Reformatory Agencies and Institutions." The subject matter of this chapter on the whole is concerned with matters of a different category than chapter 333. While § 1748 thereof, referring to § 1747, does cover the situation respecting reimbursement for hospitalization of a person charged with an offense punishable by fine or imprisonment and "found not guilty because of insanity and, by reason of such insanity, shall have been committed to any institution supported in whole or in part by the state," it does not purport to cover the situation disclosed in the complaint. So also § 1744 thereof is expressly limited to "proceedings had under this chapter."
In passing, it is significant to note that the cases decided under the statute upon which the state relies (§ 1747) have been concerned with an entirely different factual situation. See, for example, State v. Romme, 93 Conn. 571, and Reilly v. State119 Conn. 508.
 Further discussion is not required. The demurrer is well taken and, therefore, sustained.