**UNITED STATES of America**

v.

**Stuart COHN, et al.**

**Civ. No. 3:92CV00610 (PCD).**

United States District Court,
D. Connecticut.

April 29, 1994.

Steven D. Bartelstone, Iris June Brown, Jerome E. Caplan, Brendan T. Flynn, Rogin, Nassau, Caplan, Lassman & Hirtle, Hartford, CT, for defendants.

Deborah S. Meland, U.S. Dept. of Justice, Washington, DC, David X. Sullivan, U.S. Attorney's Office, New Haven, CT, for U.S.

### RULING ON CROSS MOTIONS FOR SUMMARY JUDGMENT

DORSEY, District Judge.

It is alleged that Stuart Cohn is obliged to the United States under the tax laws on two counts: 1) that as the person responsible for payment over to the Treasury he failed to make payment of amounts withheld with respect to employees by Greenwich Coin Assay and Refining, Inc., and 2) that taxes, interest and penalties assessed with respect to his income are unpaid. It is further claimed that liens based on Cohn's tax liabilities have been placed on his property which includes interests in trusts of which he is a beneficiary, the Stuart Cohn Income Trust, the Joel Cohn Revocable Trust and the Stuart Cohn Spray Trust. Bergman and Rhoda Cohn are named as defendants to reach the trust res in their possession as trustees to the extent of Cohn's interest and to reach distributions made to Cohn after the filing of the tax liens, all for the purpose of satisfying Cohn's tax liability.

Defendants allege that Cohn has no reachable interest in Revocable shares #2C or #2E, that defendant trustees have no obligation for amounts paid to or for Cohn's benefit for want of property of Cohn in their hands when served with the levy, and that they are entitled to an injunction under 26 U.S.C. § 7426(b) against enforcement of the levy against the trusts. No such claim is made as to the Income Trust.

FACTS:

Without dispute Cohn's tax liabilities appear to be properly founded, assessed and thus owing as claimed. Plaintiff's motion recites Cohn's function as running the corporation's business, having check signing authority, hiring the bookkeeper and signing the quarterly returns. He was thus in a position where he knew that the amounts due the government were not paid, a fact which he denies though knowing other creditors were being paid. That assessment, $11,041.26, less credits of $6,079 but plus accrued interest to December 29, 1986 of $5,836.83 and statutory interest to June 15, 1993 totals $21,552.18 on the latter date. That liability was assessed on November 29, 1982 and a tax lien arose as a result, 26 U.S.C. §§ 6321, 6322, reaching all Cohn's property and rights to property. A valid waiver extended the statutory limitations period to December 31, 1992.

Cohn's income tax liabilities for the tax years 1973, 1975, and 1976 were disputed in the Tax Court resulting in a stipulation as to his liability. Unpaid taxes for 1984, 1985 and 1986, interest and penalties were assessed. For those six years the liability totals $218,371.85, including accrued interest to June 15, 1993. As a consequence of such assessments, liens arose and reached Cohn's property and rights to property.

Defendants interposed no facts to contradict the facts on which the forgoing tax liability is based.

The facts put forth by defendants pertain to the trusts, all of which were created by Cohn's father, since deceased. For all but the Income Trust, the independent trustee, Mr. Bergman, has absolute discretion over any distribution. The Spray Trust income can be distributed to Cohn and/or his living lineal descendants. The Revocable Trust, on the death of Joel Cohn, is divided into shares. In one (#2C) Cohn, his descendants and his mother, who is living, are beneficiaries/potential distributees, and in another (#2E) Cohn, his descendants, his wife and his mother are beneficiaries/potential distributees. Cohn has one living descendant, a daughter. Cohn has the power to appoint but not to himself, his estate or his creditors. He can relinquish the power, absent which the trust directs the disposition of the res at his death. His power to appoint accrues only if his mother dies without exercising her superior power of appointment which could be exercised and eliminate Cohn's rights.

The Income Trust provides that the net income is to be paid to Cohn at least annual-

ly. The trustees have discretion to pay principal to him and he has the power of appointment by will. After March 24, 1988, $3,700 was distributed by the income trust to Cohn's wife. Without any facts asserted in contradiction, defendants deny that such was a trust distribution.

Payments from Revocable Trusts # 2C reflect payments made to Cohn's wife ($58,747) who is not a beneficiary of that trust. Payments also were made to Cohn ($9500). Defendants make no factual showing but argue that the government has not shown that the payments to Cohn's wife were for her sole benefit. They also characterize the $9,000 admittedly paid to Cohn, as an investment.

Payments from the Spray Trust were made in part to Cohn's wife ($3500) and in part to discharge debts of Cohn ($1260). Defendants make no factual showing but deny trust distributions to Cohn's wife.

One or more of the trusts, which is not specified, owns and has made payments for a condominium which is occupied by Cohn. The only dispute raised by defendants is the additional fact that Cohn's wife and daughter also occupy the condominium.

One or more of the trusts has made payments for a car used by Cohn, a family club membership, Cohn's credit card accounts, his insurance, vacations and personal expenses. No dispute is raised as to these. The amounts are not specified in the statement of material facts.

A Notice of Levy was served on Bergman on March 24, 1988. The government claims this was as trustee of # 2C and # 2E, but Bergman claims that it and the demand for turnover of assets was as trustee of the Revocable Trust, noting that on Joel Cohn's death # 2C and # 2E became independent trusts. Defendants also claim no notice of levy was served on them as trustees of the Income or Spray Trusts. Defendants claim Cohn has no right to distributions from # 2C or # 2E.

DISCUSSION:

I. Liability of Stuart Cohn.

■■■ Cohn makes no argument that the assessment of liability for taxes due on his income is unfounded. As to his liability for payment of the amount required to be paid by the corporation, Cohn disputes only his knowledge of it being unpaid. The primary obligation for holding and paying over to the government employee withholding and social security taxes is the employer's. *Slodov v. United States,* 436 U.S. 238, 98 S.Ct. 1778, 56 L.Ed.2d 251 (1978); 26 U.S.C. §§ 3102(a), 3402(a). Responsible parties may be liable for such non-payment, including those with responsibility for collecting, accounting for and paying over the sums owed. 26 U.S.C. § 6672(a). That extends to whomever, as an officer or employee of a corporation, is under a duty to perform those acts for the corporation. 26 U.S.C. § 6671(B). On withholding sums from an employee's wages, a trust is imposed on the funds, 26 U.S.C. § 7501. Cohn's role in running the business, signing checks, overseeing the bookkeeper and signing the returns suffices to create liability. His denial of knowledge of non-payment is spurious. Running the business, including signing the quarterly returns, necessarily created knowledge of the amounts withheld, the obligation to pay them to the government and the absence of payment. Being in control of the finances generates responsibility. *Hochstein v. United States,* 900 F.2d 543, 546–47 (2d Cir.1990) ("[I]t is sufficient that the person have significant control over the disbursement of funds.") Payment of other creditors with knowledge that withholding taxes are due is a wilful failure to pay the amount subject to the trust. *Id.* at 548.

As there is no genuine issue of material fact as to the tax liability of Stuart Cohn, the government's motion for summary judgment is granted, in the amount of $239,824.03, and Cohn's motion is denied. A Federal Lien is found to have been perfected to the extent of each assessment, plus interest on each, from the date of each respective assessment.

II. Federal Tax Liens

■■■ A tax lien reaches "every interest in property that a taxpayer might have." *United States v. National Bank of Commerce,* 472 U.S. 713, 719–20, 105 S.Ct. 2919, 2923–24, 86 L.Ed.2d 565 (1985). The lien attaches from assessment, is extinguished only on payment of the tax due or expiration

of the statute of limitations and attaches to all subsequently acquired property. *Glass City Bank v. United States,* 326 U.S. 265, 267, 66 S.Ct. 108, 110, 90 L.Ed. 56 (1945). *See Texas Oil & Gas Corp. v. United States,* 466 F.2d 1040, 1052 (5th Cir.), *cert. denied,* 410 U.S. 929, 93 S.Ct. 1367, 35 L.Ed.2d 591 (1973).

■ Property conveyed to a trustee is subject to the terms of the trust. A beneficiary's interest is determined under state law. Whether a Federal Tax Lien attaches to the interest, as property or the right to property, is a matter of federal law. *Aquilino v. United States,* 363 U.S. 509, 513–14, 80 S.Ct. 1277, 1280–81, 4 L.Ed.2d 1365 (1960). Federal law "creates no rights but merely attaches consequences, federally defined, to rights created under state law." *United States v. Bess,* 357 U.S. 51, 55, 78 S.Ct. 1054, 1057, 2 L.Ed.2d 1135 (1958). "[I]ncome from a spendthrift trust is not immune from federal tax liens, notwithstanding any state laws ..." *First Northwestern Trust Co. v. Internal Revenue Service,* 622 F.2d 387 (8th Cir. 1980) (citations omitted). Restraints on transferability with respect to spendthrift trusts, "whether arising from the trust instrument or from state law do not insulate the beneficiary's interest from a federal tax lien," *United States v. Rye,* 550 F.2d 682, 685 (1st Cir.1977), citing *United States v. Dallas National Bank,* 152 F.2d 582, 585 (5th Cir. 1945) and *Mercantile Trust v. Hofferbert,* 58 F.Supp. 701, 705 (D.Md.1944).

a) The Spray Trust and the Revocable Trusts

■ The Spray and the Revocable Trusts are spendthrift trusts subject to the trustees' discretion in distribution of income. *Zeoli v. Commissioner of Social Services,* 179 Conn. 83, 425 A.2d 553 (1979); Conn.Gen.Stat. § 52–321. As such, Cohn had but an expectancy under state law. *Rubin v. Rubin,* 204 Conn. 224, 527 A.2d 1184 (1987). A taxpayer's interest in a discretionary trust was subject to a tax levy where the order was that the trustee "shall pay" to beneficiaries, the time and amount to be within the trustee's discretion, the trustee being obliged to make some payment to the taxpayer. *Magavern v.*

*United States,* 550 F.2d 797, 802 (2d Cir.), *cert. denied,* 434 U.S. 826, 98 S.Ct. 74, 54 L.Ed.2d 84 (1977) (New York law). Here the trustees were not obliged to make equal payments, no significance was to attach to the fact that a beneficiary could thereby be totally deprived of any benefit and the trustees could accumulate all the trust's income. Connecticut bars creditors from reaching a distribution except, and until, it be in the hands of the beneficiary, *Olson v. Olson,* 1992 WL 310634 (Conn.Sup.Ct. Oct. 20, 1992). That rule, not determining the interest but controlling the reaching of the interest, is not determinative of the reach of the Federal Tax Lien. *Aquilino v. United States,* 363 U.S. at 513–14, 80 S.Ct. at 1280–81.

■ Once a trustee has determined to make a distribution, he has fulfilled the duty, and exercised the power granted by grantor. He achieves the distribution thus determined by delivery of the amount in any number of possible forms of payment, each of which embodies the amount. With the determination of the amount, which must precede delivery, even if it be by a scintilla in time, the beneficiary's expectancy is no longer inchoate but becomes an entitlement, a right to receive what the trustee determined to distribute. "No title in the income passes to [the beneficiary] unless and until it is appropriated to him by the trustee, and then only to the amount determined by the trustee." *Bridgeport–City Trust Co. v. Beach,* 119 Conn. 131, 140, 174 A. 308 (1934); *Reilly v. State of Connecticut,* 119 Conn. 508, 512, 177 A. 528 (1935). That title is property or the right to property to which the lien attaches at the moment it springs into existence. *J.D. Court, Inc. v. United States,* 712 F.2d 258, 260 n. 6 (7th Cir.1983), *cert. denied,* 466 U.S. 927, 104 S.Ct. 1708, 80 L.Ed.2d 182 (1984); *United States v. Central Bank of Denver,* 843 F.2d 1300, 1306 n. 6 (10th Cir.1988).

■ Thus the res of spendthrift/discretionary trusts cannot be reached at this time. Cohn has no present right to receive it. The income, as received by the trustee is not property of Cohn nor does he have a right to receive any part of it. However, the perfected lien reaches amounts the trustee decides to distribute to Cohn, so long as the

lien remains in force and the tax liability adjudged herein, and the interest thereon, remains unpaid, notwithstanding the trustee's discretionary power of distribution. *First Northwestern Trust Company of South Dakota v. Internal Revenue Service,* 622 F.2d 387, 390 (8th Cir.1980). Accordingly summary judgment shall enter entitling plaintiff to all sums distributed subsequent to the respective lien perfection dates, or to be distributed, to or for the benefit of Cohn from the Spray or Revocable # 2C and # 2E Trusts until all liens have been satisfied and Cohn's tax liability, penalties and interest have been paid in full. As the trustees' distribution powers as discussed apply to both income and principal, the judgment herein ordered shall apply to distributions of income or principal.

b) Income Trust

 The Income Trust provides that the trustee shall pay all of the trust income to Cohn. He thus has a property right in the income as it accrues, though payment is phrased "from time to time." The trustees are thus obliged to make payment of the income received at reasonable intervals. The lien attaches to that income subject only to the reasonable periodic payment of interest. The payment to Cohn's wife constituted an unauthorized payment to which Cohn was entitled.

The principal of the Income Trust is payable to Cohn in such amounts as the trustee, in his sole discretion deems appropriate, with no standard specified. Indeed the res may be exhausted and any remainderman is without redress. Cohn's power of appointment does not permit appointment to himself, his estate, his creditors or his estate's creditors. Thus his interest in the res is of the same nature and extent as his interest in distributions from the Spray and Revocable Trusts.

Accordingly summary judgment shall enter entitling plaintiff to all Income Trust income since perfection of the respective liens, including the $3,700 paid to Cohn's wife, and all future income which shall be paid to plaintiff at reasonable intervals until the liens shall be satisfied and Cohn's tax liability, interest and penalties shall be paid

in full. Summary Judgment shall also enter entitling plaintiff to all principal of the Income Trust distributed since perfection of the respective liens or to be distributed until the liens shall be satisfied and Cohn's tax liability, interest and penalties are paid in full.

III. Trustees' Liability

a) The Revocable Trust, # 2C and # 2E

 A notice of levy served pursuant to 26 U.S.C. § 6332(a) gives the IRS the right to all property levied on, and the person served is thus on notice. *United States v. National Bank of Commerce,* 472 U.S. 713, 720, 105 S.Ct. 2919, 2924, 86 L.Ed.2d 565 (1985). The notice of levy and demand in the record was served on defendant Bergman, the independent trustee, as directed to the Joel Cohn Revocable Trust. Bergman's claim that the levy is not binding on him as trustee of the # 2C and # 2E trusts is spurious. Each of those trusts were created in the trust indenture cited in the notice. That they sprung into separate existence by virtue of occurrences recited in the trust document does not alter the fact that as trustee of the two later arising trusts, he was properly served in his capacity which was created by the specified Indenture. From the date of service, 3/26/88, he was on notice of the government's claim to Cohn's property. Any action taken in derogation of the government interest in the property or right to property of Cohn was at his peril. Any payments made other than to the government constituted disposition of property of the government and create a personal liability to the government. *Schiff v. Simon & Schuster, Inc.,* 780 F.2d 210, 212 (2d Cir.1985). Payment in cash or in kind, the value of which would be the equivalent, would constitute such a disposition. The trustees are thus liable to the extent of such distributions from the date of service of the notice of levy up to the amount of Cohn's income tax liabilities plus interest and penalties. The levy gives rise to the IRS right to the property levied on and a custodial relation between the trustees and the constructive possessor of the property, the government. *United States v. National Bank of Commerce,* 472 U.S. 713,

720, 105 S.Ct. 2919, 2924, 86 L.Ed.2d 565 (1985).

Though arguing, conclusorily, that there are issues in this regard that are disputed, defendants have not briefed the matter. Accordingly it is found that all payments from the #2C and #2E trusts to or for the benefit of Cohn from and after the notice of levy violated the plaintiff's rights and defendant trustees are liable therefor with interest from the date of each distribution. Liability is thus imposed on the trustees for distributions to him and for his benefit.

■ Cohn's wife is not a beneficiary of the #2C trust. Payments to her from the #2C trust, $58,747 were thus deemed distributable by the trustees and create liability in them as lawfully only ·distributable to Cohn for whom they could only have been intended to benefit.[1] No evidence to the contrary is offered. Trustee's liability here determined extends to expenses related to Cohn's accommodation, residence and personal purposes. Other than the sum of $9,500, the record does not sustain a finding of a specific dollar amount as the extent of the trustees' liability. Thus a specific finding of the full amount of their liability cannot now be made. The government shall, within 30 days supplement the record for that purpose, to which defendants may respond within 15 days of service of the government filing. In this respect, distributions which discharge Cohn's obligations to his wife and child, Conn.Gen.Stat. § 46b–37(b), are distributions to or for his benefit and are not distributions to the wife or child.

Cohn's wife and child are beneficiaries of the #2E trust. Distributions from this trust are likewise not detailed in the record and the government's supplemental filing shall extend to distributions from the #2E trust also, but separately from those from the #2C trust.

### b) The Spray and Income Trusts

The claim against the trustees for distributions made appears to be based on the notice of levy. No notice of levy is shown to have been served on either trustee in relation to the Spray or Income Trusts. Thus it does not appear to be claimed, and it is not *found*, that defendants Bergman and Rhoda Cohn are liable for distributions made from those trusts, to date.

### III. Injunctive relief

Plaintiff has shown, in the complexity of the four trusts, and the possibilities for diversion of assets and funds in derogation of its right, the justification for injunctive relief. No argument against such is made and only supreme confidence in their prevailing would have suggested the lack of need to address the issue in the event of a holding such as here entered. Accordingly, judgment shall enter:

a) Enjoining Cohn from exercising any power of appointment which derogates an interest of the plaintiff in the income and/or principal of each of the four trusts so long as, and to the extent, that said Cohn's tax liabilities, including interest and penalties shall remain unpaid and the liens therefor unsatisfied.

b) Requiring the defendants Bergman and Rhoda Cohn, as trustees of the four trusts, together with their successors, to pay and make any and all distributions to or for the benefit of Cohn from any of the four trusts to plaintiff so long as Cohn's tax liabilities, interest and penalties shall remain unpaid and the liens therefor unsatisfied. Incident thereto defendants Bergman and Rhoda Cohn shall, not less than quarterly, render to plaintiff an accounting of all income and disbursements, in reasonable detail to permit identification of plaintiff's rights thereto, for each trust.

### SUMMARY:

Defendants' motion for summary judgment (doc. #18) is denied.

Plaintiff's motion for summary judgment (doc. #10) is granted in part, as discussed above:

a) Judgment shall enter against Stuart Cohn on Count 1 in the amount of $21,552.18.

---

**1.** Cohn's wife "suffers from severe physical and mental handicaps as a result of a 1983 accident." Defendants' Statement of Material Facts, p. 5, ¶9.

b) Judgment shall enter against Stuart Cohn on Count 2 in the amount of $218,-371.85.

c) Judgment shall enter on counts 3, 4, and 5 finding that plaintiff's liens, totaling the judgments on counts 1 and 2, attached and will attach to all distributions to or for the benefit of Stuart Cohn from all four trusts after March 24, 1988.

d) Judgment shall enter against defendants Bergman and Rhoda Cohn in the amount of $9,500, without prejudice to a supplemental judgment for plaintiff in the amount of all distributions to or for the benefit of Stuart Cohn after March 24, 1988.

e) Judgment shall enter enjoining defendants in accordance with III(a) and (b) above.

SO ORDERED.